**CROSNER LEGAL, P.C.**
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

***Attorneys for Plaintiff and the Proposed Class***

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINAMARIE BARRALES, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-1171 |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| NEW CHAPTER, INC., | |
| Defendant. | |

CLASS ACTION COMPLAINT

Plaintiff Tinamarie Barrales ("Plaintiff"), on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby sues Defendant New Chapter, Inc. ("Defendant") and, upon information and belief and investigation of counsel, alleges as follows:

## I.    INTRODUCTION

1.    Defendant makes, distributes, sells, and markets a wide variety of dietary supplements under the brand name New Chapter. The products at issue include the following, in any size, count, or variation:

- New Chapter All-Flora Probiotic + Prebiotic Gummies (2 Billion CFU of Probiotics);
- New Chapter Organic Fiber Gummies (4 g Prebiotic Fiber);
- New Chapter Kids Organic Fiber Gummies (4 g Prebiotic Fiber);
- New Chapter Cellular Energy Vitamin B12+ Gummies (350 mcg B12);
- New Chapter Berberine 1,000 mg Tablets

(collectively, the "Products").

2.    Defendant deceptively labels certain of its New Chapter products by misrepresenting the dosage amount of each gummy or tablet. Specifically, the front labels of the New Chapter Products prominently advertise a certain dosage amount, for example, "4g prebiotic fiber." Reasonable consumers are led to believe that each gummy or tablet contains the advertised dosage amount, for example, 4 grams of prebiotic fiber in each gummy.

3.    The truth, however, is that each gummy does not contain the advertised dosage amount. Instead, each gummy or tablet contains only a fraction of the advertised dosage and consumers must ingest two or more gummies to achieve the advertised dosage. As a result, consumers grossly overpay for the Products, receiving only half of the advertised value while paying the full purchase price.

4.    Additionally, Defendant markets two separate organic fiber gummy

1

CLASS ACTION COMPLAINT

products: one advertised for adults and one specifically for "kids." These representations lead reasonable consumers to believe that the New Chapter Organic Fiber Gummies product is more suitable for adults and the New Chapter Kids Organic Fiber Gummies product is more suitable for kids. Based on this reasonable belief, consumers are induced to purchase two separate products for each demographic and are induced to pay an unlawful premium.

5.      Reasonable consumers purchase the Kids Organic Fiber Gummies product because they want a product that is specifically formulated for kids and is guaranteed to be safe for kids to consume. The truth, however, is that the Kids Organic Fiber Gummies product has the exact same formula and ingredients as the regular Organic Fiber Gummies product. Defendant puts the same supplement into two different products with different labels. Consumers are being deceived and overcharged.

6.      Plaintiff read and relied upon Defendant's advertising when purchasing the New Chapter Organic Fiber Gummies and New Chapter Kids Organic Fiber Gummies products and was damaged as a result.

7.      Plaintiff brings this action on behalf of herself and all other similarly situated consumers in the United States, alleging violations of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*. ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"), and False Advertising Law, §§ 17500 *et seq*. ("FAL"). Plaintiff brings further causes of action for breach of express and implied warranties, negligent misrepresentation, intentional misrepresentation/fraud, and quasi-contract/unjust enrichment.

8.      Plaintiff seeks an order compelling Defendant to (a) cease marketing the Products using the misleading and unlawful tactics complained of herein, (b) destroy all misleading deceptive, and unlawful materials, (c) conduct a corrective advertising campaign, (d) restore the amounts by which it has been unjustly enriched, and (e) pay restitution damages and punitive damages, as allowed by law.

CLASS ACTION COMPLAINT

## II.    JURISDICTION AND VENUE

9.    This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and because more than two-thirds of the members of the Class reside in states other than the state of which Defendant is a citizen.

10.    The court has personal jurisdiction over Defendant. Defendant purposely availed itself to California because Defendant does business within this judicial district, sells the Products in this judicial district, and is committing the acts complained of below within this judicial district.

11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the injury in this case substantially occurred in this District. Defendant has intentionally availed itself of the laws and markets of this District through the promotion, marketing, distribution, and sale of the Products in this District, and is subject to personal jurisdiction in this District.

## III.    PARTIES

12.    Defendant New Chapter, Inc. is a Delaware corporation with a principal place of business located at 90 Technology Drive, Brattleboro, VT 05301. Defendant is registered to do business in California as entity number 2756801. Defendant makes, labels, distributes, sells, and markets New Chapter branded supplement products throughout the United States and in California. Defendant is responsible for the making, labelling, distribution, selling, and marketing of the Products throughout the applicable statute of limitations period.

13.    Plaintiff Tinamarie Barrales ("Plaintiff") is a resident of California and purchased the New Chapter Organic Fiber Gummies and New Chapter Kids Organic Fiber Gummies products at retail stores in L.A. County in or around 2024. Plaintiff saw the misrepresentations made on the Product labels prior to and at the time of purchase and understood them as representations and warranties that each unit of the

3

CLASS ACTION COMPLAINT

products contained the advertised dosage amount, and that the Kids Organic Fiber Gummies product marketed for kids was specially formulated for kids or otherwise uniquely suitable for kids. Plaintiff relied on the representations made on the Product labels in deciding to purchase the Products. These representations and warranties were part of her basis of the bargain, in that she would not have purchased the Products, or would only have been willing to purchase the Products at a lower price, had she known the representations were false. Plaintiff would consider purchasing the Products again if the advertising statements made on the Product labels were, in fact, truthful and represented in a manner as not to deceive consumers.

## IV.    NATURE OF THE ACTION

14.    Defendant sells the following New Chapter branded products (the "Products") with misleading dosage representations on the Product packaging and labels:

- **New Chapter All-Flora Probiotic + Prebiotic Gummies (2 Billion CFU of Probiotics)** – Two (2) tablets are required to achieve the advertised dosage of 2 billion CFU of probiotics.

- **New Chapter Organic Fiber Gummies (4g Prebiotic Fiber)** – Two (2) tablets are required to achieve the advertised dosage of 4 g prebiotic fiber.

- **New Chapter Kids Organic Fiber Gummies (4g Prebiotic Fiber)** – Two (2) tablets are required to achieve the advertised dosage of 4 g prebiotic fiber.

- **New Chapter Cellular Energy Vitamin B12+ Gummies (350 mcg B12)** – Two (2) tablets are required to achieve the advertised dosage of 350 mcg B12.

- **New Chapter Berberine 1,000 mg Tablets** – Two (2) tablets are required to achieve the advertised dosage of 1,000 mg berberine.

15.    True and correct copies of the New Chapter Products and supplement

4

CLASS ACTION COMPLAINT

1  facts from Defendant's website, www.NewChapter.com, are shown below:

2  **New Chapter All-Flora Probiotic + Prebiotic Gummies**




16  **New Chapter Organic Fiber Gummies**




5

**New Chapter Kids Organic Fiber Gummies**

**New Chapter Cellular Energy Vitamin B12+ Gummies**



6

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**New Chapter Berberine 1,000 mg Tablets**




16.    Defendant's dosing representations are prominently and conspicuously displayed in large, bolded font to grab the consumer's attention.

17.    Contrary to the prominently advertised dosage amount on each of the Products' labels, each gummy or tablet contains only a fraction of the advertised dosage amount. For example, consumers must ingest two (2) gummies of the New Chapter Organic Fiber Gummies Product to achieve the advertised dosage of 4 g. This leads consumers to overpay for the Products by a significant margin.

18.    Defendant's advertising misleads reasonable consumers into believing that each gummy or tablet contains the advertised dosage of nutrients or probiotics. However, contrary to the labeling, each unit only contains a fraction of the advertised nutrients or probiotics. Consequently, reasonable consumers believe that they are receiving two times the amount of nutrients or probiotics per Product than what they

CLASS ACTION COMPLAINT

are actually receiving. As a result, Defendant has charges consumers a premium for the Products, while cutting costs and reaping the financial benefits of selling dietary supplements with less than the advertised dosage of nutrients or probiotics in each Product.

19.    The label misrepresentations are material to reasonable consumers, including Plaintiff. The dosage representations (number of milligrams) convey the type and amount of nutrients or probiotics provided by the Products, and the primary purpose of the Products is to provide the amount of nutrients or probiotics advertised by the Product labels. Accordingly, reasonable consumers are likely to be deceived by the Products' labels.

20.    Additionally, as shown above, both the Organic Fiber Gummies and Kids Organic Fiber Gummies products contain the same amount of the same active and inactive ingredients. In other words, both New Chapter Organic Fiber Gummy products are identical in form and quantity.

21.    However, the Kids Organic Fiber Gummy product is advertised as specially formulated for "kids" or otherwise uniquely suitable for kids. Based on the different marketing and labeling on the front of the Kids Organic Fiber Gummies product and the labeling on the front of the regular Organic Fiber Gummies product, reasonable consumers believe that there is something different about the products that makes the Kids Organic Fiber Gummies product better suited or more appropriate for kids.

22.    However, both products have the same amount of active and inactive ingredients.

23.    Defendant's misrepresentations are misleading because the Kids and regular Organic Fiber Gummies products are identical.

24.    Defendant advertises identical products to different demographics under the guise of being uniquely formulated.

25.    Because the Kids Organic Fiber Gummies product represents that it is

CLASS ACTION COMPLAINT

uniquely suitable for kids, when in fact the Kids and regular Organic Fiber Gummies products are formulated identically, consumers are induced to purchase two separate products for each demographic. Consumers are induced to pay an unlawful premium.

26.    The Kids Organic Fiber Gummies product is not uniquely formulated for kids. The Kids and regular Organic Fiber Gummies products contain the exact same formulation. Defendant takes the same exact product and puts it in two different forms of packaging: one labeled for kids and one labeled for adults. In short, Defendant tricks consumers into thinking they are buying a product uniquely formulated for kids, when in reality, consumers are just buying Defendant's Organic Fiber Gummies product for adults in a different packaging marketed for kids.

## DEMAND FOR DIETARY SUPPLEMENTS AND THE COMPETITIVE MARKET

27.    Over the past 20 years, there has been a significant increase in the prevalence of supplement use. The dietary supplement market has been growing in terms of sales and products available on the market. Consumers are being presented a large number of products, brands, and formulations, distributed through a wide variety of marketing channels. The value of the global dietary supplements market was estimated to be worth nearly USD 152 billion in 2021, and is expected to be worth USD 300 billion by 2028.[1]

28.    In response to consumers' desire for dietary supplements, many companies, like Defendant, have scrambled to manufacture, market, and sell purportedly high dosages or more nutrients, at the same or lower costs, in an effort to gain market share and outsell competitors. Unfortunately, rather than creating the actual high dosage dietary supplements with more nutrients or probiotics that consumers desire, Defendant makes products with lower dosages and less nutrients

---

[1] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC10421343/

CLASS ACTION COMPLAINT

or probiotics than is advertised on the Products' packaging and front labels, and then markets them to consumers through deceptive labeling and packaging claims. In doing so, Defendant misleads consumers into believing that the Products contain higher dosages or more nutrients or probiotics in each gummy or tablet than what is actually contained therein.

29.    Defendant's competitors correctly label and sell their products to accurately reflect the correct amount of nutrients or probiotics contained in each gummy or tablet unit. They do so by specifying on the front label the amount of nutrients or probiotics per gummy or tablet unit. For example, The Vitamin Shoppe's Chewable Probiotic product contains exactly what it says: chewable tablets each containing 2 billion CFUs of probiotics.

### **The Vitamin Shoppe Chewable Probiotic[2]**



---

[2]    https://www.vitaminshoppe.com/p/probiotic-chewable-100-chewable-tablets/vs-2600?utm_source=google&utm_medium=organic&utm_campaign=free_shopping

CLASS ACTION COMPLAINT

30.    Alternatively, Defendant's competitors disclose on their products' front labels that the advertised dosage amount does not apply per gummy, and instead applies "per serving." For example, Amazon's 4 g Fiber Gummies product specifies that the product contains 4 g of fiber "per serving" and not per gummy.

**Amazon 4 g Fiber Gummies[3]**



31.    By falsely, misleadingly, and deceptively labeling and advertising the Products, Defendant sought an unfair advantage over its lawfully acting competitors.

**PLAINTIFF'S PURCHASES, RELIANCE, AND INJURY**

32.    Plaintiff Tinamarie Barrales purchased the New Chapter Organic Fiber

---

[3] https://www.amazon.com/Amazon-Basics-previously-Regularity-Strawberry/dp/B07GPGQJR4?source=ps-sl-shoppingads-lpcontext&ref_=fplfs&psc=1&smid=ATVPDKIKX0DER

CLASS ACTION COMPLAINT

Gummies and New Chapter Kids Organic Fiber Gummies products at retail stores in L.A. County in or around 2024 in reliance on the Products' front label advertising.

33.     In deciding to purchase the Products, Plaintiff read and relied on the dosage information displayed on the front labels, which led Plaintiff to believe that each gummy unit in the products contained the advertised dosage – 4 g of prebiotic fiber per gummy. At the time of purchase, Plaintiff did not know that the advertised dosage was false and misleading, and that more than one gummy would need to be consumed to receive the advertised dosage of 4 g.

34.     Plaintiff would not have purchased the Products, or would not have paid as much as she did, had she known that each gummy contained only a fraction of the advertised dosage. Plaintiff paid a premium for the Products due to the misleading labelling on the Products' packaging.

35.     In deciding to purchase the New Chapter Kids Organic Fiber Gummies product, Plaintiff relied on the Product's claims that the Product was uniquely for "kids." Based on this representation, Plaintiff believed the Kids Organic Fiber Gummies product was uniquely for kids and bought it specifically for this reason. Plaintiff would not have purchased the Product or would not have paid as much as she had if she knew that the Kids product was identical to the regular Organic Fiber Gummies product marketed for adults. Plaintiff paid a premium for the Product due to the misleading labeling on the Product's packaging.

36.     The representations on the Products' label were and are false and misleading, and had the capacity, tendency, and likelihood to confuse or confound Plaintiff and other consumers acting reasonably (including the putative Class) because, as described in detail herein, the Product labels misrepresent the dosage of each gummy or tablet.

37.     Plaintiff acted reasonably in relying on the challenged claims that Defendant intentionally, prominently, and uniformly placed on the Products' label and packaging with the intent to induce average consumers into purchasing them.

CLASS ACTION COMPLAINT

38.     Plaintiff, in the exercise of reasonable diligence, could not have discovered earlier Defendant's unlawful acts described herein because the violations were known to Defendant, and not to her throughout the Class Period herein.

39.     Plaintiff paid more for the Products, and would only have been willing to pay less or unwilling to purchase them at all, absent the false and misleading labeling statements complained of herein.

40.     For these reasons, the Products were worth less than what Plaintiff paid for them.

41.     Plaintiff would like to, and would consider, purchasing the Products again when she can do so with the assurance that the Products' labels are truthful and consistent with the Products' ingredients.

42.     Plaintiff will be unable to rely on the Products' advertising or labeling in the future, and so will not purchase the Products again although she would like to.

43.     Plaintiff lost money as a result of Defendant's deceptive claims and practices in that she did not receive what she paid for when purchasing the Products.

44.     Plaintiff detrimentally altered her position and suffered damages in an amount equal to the premium she paid for the Products.

45.     The senior officers and directors of Defendant allowed the Products to be sold with full knowledge or reckless disregard that the challenged claims are fraudulent, unlawful, and misleading.

## SUBSTANTIAL SIMILARITY

46.     Defendant's New Chapter Products described herein are substantially similar, as they each contain (1) a dosage representation conspicuously and prominently placed on the primary display panel of the Products' front labels, and (2) require consumption of two or more units to obtain the advertised dosage of nutrients or probiotics.

47.     The misleading advertising on the Products' front labels are all the same: consumers are led to believe that each gummy or tablet contains the advertised

13

CLASS ACTION COMPLAINT

dosage amount; however, the Products only contain half of the amount of nutrients or probiotics advertised. Consumers therefore only receive half of the amount of nutrients or probiotics promised and pay more than what the Products would be worth had Defendant's advertising been true.

## NO ADEQUATE REMEDY AT LAW

48.    Plaintiff seeks damages and, in the alternative, equitable restitution. Plaintiff and members of the class are entitled to equitable relief as no adequate remedy at law exists.

49.    The statutes of limitations for the causes of action pled herein vary. Class members who purchased the Products more than three years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL.

50.    The scope of actionable misconduct under the unfair prong of the UCL is also broader than the other causes of action asserted herein. It includes Defendant's overall unfair marketing scheme to promote and brand the Products over a long period of time in order to gain an unfair advantage over competitor products. The UCL also creates a cause of action for violations of law (such as statutory or regulatory requirements and court orders related to similar representations and omissions made on the type of products at issue). This is especially important here because Plaintiff alleges Defendant has committed "unlawful" acts and brings a claim for violation of the UCL's "unlawful prong." Plaintiff's UCL unlawful prong claim does not rest on the same conduct as her other causes of action, and there is no adequate remedy at law for this specific unlawful claim. Plaintiff and class members may also be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other

CLASS ACTION COMPLAINT

1  statutorily enumerated conduct).

2      51.    Injunctive relief is appropriate on behalf of Plaintiff and members of

3  the class because Defendant continues to omit material facts about the Products.

4  Injunctive relief is necessary to prevent Defendant from continuing to engage in the

5  unfair, fraudulent, and/or unlawful conduct described herein and to prevent future

6  harm—none of which can be achieved through available legal remedies (such as

7  monetary damages to compensate past harm). Injunctive relief, in the form of

8  affirmative disclosures is necessary to dispel the public misperception about the

9  Products that has resulted from years of Defendant's unfair, fraudulent, and unlawful

10  marketing efforts. Such disclosures would include, but are not limited to, publicly

11  disseminated statements that the Products' labeling misrepresentations are untrue

12  and providing accurate information about the Products' true nature; and/or requiring

13  prominent disclaimers on the Products' front labels concerning the Products' true

14  nature. An injunction requiring affirmative disclosures to dispel the public's

15  misperception, and prevent the ongoing deception, is also not available through a

16  legal remedy (such as monetary damages). In addition, Plaintiff is currently unable

17  to accurately quantify the damages caused by Defendant's future harm, because

18  discovery and Plaintiff's investigation have not yet completed, rendering injunctive

19  relief necessary. Further, because a public injunction is available under the UCL,

20  damages will not adequately benefit the general public in a manner equivalent to an

21  injunction.

22      52.    Moreover, a legal remedy is not adequate if it is not as certain as an

23  equitable remedy. Here, Plaintiff may lack an adequate remedy at law if, for instance,

24  damages resulting from her purchases of the Products are determined to be an

25  amount less than the premium price of the Products. Without compensation for the

26  full premium price of the Products, Plaintiff and class members would be left without

27  the parity in purchasing power to which they are entitled.

28      53.    By the same token, Plaintiff's common law claims require additional

15

CLASS ACTION COMPLAINT

showings, compared to the UCL, FAL, or unjust enrichment claims. For example, to prevail on a breach of warranty claim, Plaintiff must show that the challenged statements constitute a warranty and that the warranty was part of the basis of the bargain. No such showings are required by the UCL or FAL, or for an unjust enrichment theory. In fact, the UCL and the FAL were enacted specifically to create new claims and remedies not available at common law. And unjust enrichment exists in part because contractual claims are often more difficult to establish. In this way, Plaintiff's UCL and FAL claims, and Plaintiff's unjust enrichment claims, are more certain than their legal claims.

54.    It is premature to determine whether an adequate remedy at law exists. This is an initial pleading and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. No expert discovery has commenced and/or completed. The completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiff's individual claims and any certified class or subclass. Plaintiff therefore reserves her right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for either Plaintiff and/or any certified class or subclass. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

## V.    CLASS ACTION ALLEGATIONS

55.    Pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks certification of the following Classes (or alternative Classes or Subclasses):

**The Nationwide Class**
All U.S. citizens who purchased the Products in their respective state of citizenship for personal and household use and not for resale within the applicable statute of limitations and until the date class notice is disseminated.

**The California Subclass**

All California citizens who purchased the Products in California for personal and household use and not for resale within the applicable statute of limitations and until the date class notice is disseminated.

56.    The Classes and Subclasses described in this complaint will jointly be referred to the "Class" or the "Classes" unless otherwise stated, and the proposed members of the Classes and Subclasses will jointly be referred to as "Class Members."

57.    Plaintiff and the Class reserve their right to amend or modify the Class definitions with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

58.    Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, Defendant's employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies, including all parent companies, and their employees; and the judicial officers, their immediate family members and court staff assigned to this case.

59.    The members in the proposed Class are so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes the total number of Class members is at least in the hundreds and members of the Classes are numerous. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

60.    Pursuant to Rule 23(b)(2), Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief and damages as to the Products appropriate with

CLASS ACTION COMPLAINT

respect to the Classes as a whole. In particular, Defendant has failed to disclose the true nature of the Products being marketed as described herein.

61.     There is a well-defined community of interest in the questions of law and fact involved, affecting the Plaintiff and the Classes and these common questions of fact and law include, but are not limited to, the following:

- Whether Defendant breached any express warranties made to Plaintiff and the Class;
- Whether Defendant breached any implied warranties made to Plaintiff and the Class;
- Whether Defendant violated consumer protection statutes, false advertising statutes, or state deceptive business practices statutes;
- Whether Defendant engaged, and continues to engage, in unfair or deceptive acts and practices in connection with the marketing, advertising, and sales of the Products;
- Whether reasonable consumers are likely to be misled by Defendant's advertising and labeling of the Products;
- Whether the Products' challenged representations are material representations made to reasonable consumers;
- Whether the proposed class is suitable for class certification;
- The proper amount of restitution, damages, and punitive damages;
- The proper injunctive relief, including a corrective advertising campaign;
- The proper amount of attorneys' fees.

62.     These common questions of law and fact predominate over questions that affect only individual Class Members.

63.     Plaintiff's claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct. Specifically, all Class Members, including Plaintiff, were

CLASS ACTION COMPLAINT

subjected to the same misleading and deceptive conduct when they purchased the Products, and suffered economic injury because the Products were and still are misrepresented. Absent Defendant's business practice of deceptively and unlawfully labeling the Products, Plaintiff and Class Members would not have purchased the Products, or would have paid less for them.

64.    Plaintiff will fairly and adequately represent and protect the interests of the Classes, has no interests incompatible with the interests of the Classes, and has retained counsel with substantial experience in handling complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Classes and have the financial resources to do so.

65.    Plaintiff and the members of the Classes suffered, and will continue to suffer harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Classes is impracticable. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

66.    Adjudication of individual Class members' claims with respect to Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede

CLASS ACTION COMPLAINT

the ability of other class members to protect their interests.

67.    Defendant has acted on grounds applicable to the Class, thereby making appropriate final public injunctive and declaratory relief concerning the Class as a whole.

68.    As a result of the foregoing, class treatment is appropriate.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violations of the Unfair Competition Law,**

**Cal. Bus. & Prof. Code §§ 17200 *et seq.***

***(on behalf of the California Class)***

69.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

70.    California's Unfair Competition Law, Business and Professions Code §17200 (the UCL") prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendant has engaged in unfair, deceptive, untrue and misleading advertising, and continues to engage in such business conduct, in violation of the UCL.

71.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

### **Fraudulent**

72.    A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

73.    As set forth herein, Defendant's claims relating to the Products are likely to mislead reasonable consumers to believe that each gummy or tablet unit in the Products contained the dosage amount advertised on the Products' front labels. Defendant's claims relating to the Kids Organic Fiber Gummies product are likely

CLASS ACTION COMPLAINT

to mislead reasonable consumers to believe that the Kids product is specially formulated for kids or otherwise uniquely suitable for kids.

74.     Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class members. Plaintiff has suffered injury in fact as a result of Defendant's unfair conduct. Defendant has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff and the Class to public injunctive relief against Defendant, as set forth in the Prayer for Relief.

75.     Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

76.     Plaintiff also seeks an order for the disgorgement and restitution of the premium received from the sale of the Products the Class Members purchased, which was unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition, and attorneys' fees and costs.

## **Unlawful**

77.     The acts alleged herein are ''unlawful" under the UCL in that they violate at least the following laws:

- By knowingly and intentionally concealing from Plaintiff and the other Class members that each unit of the Products did not contain the advertised dosage, and that the Kids product was not specially formulated for kids;

- By misrepresenting the dosage of the Products on the front label, and misrepresenting the nature of the Kids product as being specially formulated for kids or otherwise uniquely suitable for kids;

- By engaging in the conduct giving rise to the claims asserted in this complaint;

21

CLASS ACTION COMPLAINT

- By violating California Civil Code §§ 1709-1711 by making affirmative misrepresentations about the Products;
- By violating California Civil Code §§ 1709-1711 by suppressing material information about the Products;
- By violating the California Commercial Code for breaches of express and implied warranties;
- By violating California's Sherman Act, Cal. Health & Safety Code § 110390, which prohibits drug and cosmetics labelling that is "false or misleading in any particular";
- By violating the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq*.;
- By violating the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*.

78.    Such conduct is ongoing and continues to this date.

79.    Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.

## Unfair

80.    Defendant's acts, omissions, misrepresentations, practices and nondisclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. In the alternative, Defendant's business conduct as described herein violates relevant laws designed to protect consumers and businesses from unfair competition in the marketplace. Such conduct is ongoing and continues to date.

81.    Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is also unfair because it violates public policy as declared

22

CLASS ACTION COMPLAINT

by specific constitutional, statutory or regulatory provisions, including but not limited to the Consumers Legal Remedies Act, the False Advertising Law, and portions of the California Sherman Food, Drug, and Cosmetic Law.

82.    Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

83.    Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged Products to unwary consumers.

84.    Plaintiff and Class Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information on the Products' packaging. Thus, public injunctive relief enjoining Defendant's deceptive practices is proper.

85.    There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

86.    Class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

87.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members.

88.    Plaintiff and the Classes were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the truth and (b) they overpaid for the Products because the Products are sold at a price premium due to the misrepresentations.

## SECOND CAUSE OF ACTION

**Violations of the False Advertising Law,**

**Cal. Bus. & Prof. Code §§ 17500 *et seq.***

***(on behalf of the California Class)***

CLASS ACTION COMPLAINT

89.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth herein.

90.    The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading" Cal. Bus. & Prof. Code § 17500.

91.    It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id*.

92.    As alleged herein, Defendant falsely advertised the Products by falsely representing that each unit of the Products contained the advertised dosage, when in fact, a consumer would need to take two or more units to achieve the advertised dosage. Additionally Defendant falsely advertised the Kids Organic Fiber Gummies product by falsely representing that the product was specially formulated for kids, when in fact the product is identical to the regular Organic Fiber Gummies product.

93.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact as a result of Defendant's actions as set forth herein. Specifically, prior to the filing of this action, Plaintiff purchased the Products in reliance on Defendant's false and misleading labeling claims that each unit of the Products contained the advertised dosage, and that the Kids Organic Fiber Gummies product was specially formulated for kids or otherwise uniquely suitable for kids.

94.    Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Products in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

24

CLASS ACTION COMPLAINT

95.     Defendant profited from its sale of the falsely and deceptively advertised Products to unwary consumers.

96.     As a result, Plaintiff, the Class, and the general public are entitled to public injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

97.     Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and the Class, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth herein.

## THIRD CAUSE OF ACTION

### Violations of the Consumer Legal Remedies Act,

### Cal. Civ. Code §§ 1750 *et seq.*

### *(on behalf of the California Class)*

98.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

99.     The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

100.    Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

- § 1770(a)(5): Representing that goods have characteristics, uses, or benefits which they do not have;
- § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade if they are of another; and
- § 1770(a)(9): Advertising goods or services with intent not to sell them as advertised.

25

CLASS ACTION COMPLAINT

- § 1770(a)(16): Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

101. Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

102. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

103. Pursuant to California Civil Code section 1782(d), Plaintiff and the members of the Class seek an order enjoining Defendant from engaging in the methods, acts, and practices alleged herein.

104. Plaintiff sent a notice letter to Defendant's principal place of business which complies with California Civil Code § 1782(a). Plaintiff sent Defendant individually and on behalf of the proposed Class, a letter via Certified Mail, demanding that Defendant rectify the actions described above and give notice to all affected consumers of its intent to so act.

105. More than thirty days have passed since Plaintiff sent Defendant a CLRA letter and Defendant has failed to take the corrective action described in Plaintiff's letter. Wherefore, Plaintiff seeks actual, punitive, and statutory damages as appropriate, as well as attorneys' fees and costs for Defendant's violations of the CLRA.

106. Pursuant to section 1780(d) of the CLRA, below is an affidavit showing that this action was commenced in a proper forum.

### FOURTH CAUSE OF ACTION

**Breach of Express Warranties,**

**Cal. Com. Code § 2313(1)**

**(*on behalf of all Classes*)**

107. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

108. Through the Products' label and advertising, Defendant made

CLASS ACTION COMPLAINT

affirmations of fact or promises, or description of goods, described above, which were "part of the basis of the bargain," in that Plaintiff and the Class purchased the Products in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

109. The foregoing representations were material and were a substantial factor in causing the harm suffered by Plaintiff and the Class because they concerned the allegation that Defendant misrepresented the dosage of each unit of the Products, and with respect to the Kids Organic Fiber Gummies product, they concerned alleged valuation of the Kids product regarding its suitability for kids.

110. These representations had an influence on consumers' decisions in purchasing the Products.

111. Defendant made the above representations to induce Plaintiff and the members of Class to purchase the Products. Plaintiff and the Class members relied on the representations when purchasing Defendant's Products.

112. Defendant breached the express warranties by selling Products with false and misleading advertised dosage amounts. Defendant further breached express warranties by selling a Product that was marketed as specially for kids or otherwise uniquely suitable for kids, when in fact, the Kids Organic Fiber Gummies product was identical to the regular Organic Fiber Gummies product.

113. That breach actually and proximately caused injury in the form of the price premium that Plaintiff and Class members paid for the Products.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranties

### Cal. Com. Code § 2314

### *(on behalf of all Classes)*

114. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

115. Defendant, through its acts and omissions set forth herein, in the sale, marketing, and promotion of the Products, misrepresented the dosage amount of the

CLASS ACTION COMPLAINT

Products to Plaintiff and the Class. Defendant further made representations to Plaintiff and the Class that, among other things, the Kids Organic Fiber Gummies product was specially formulated for kids or otherwise uniquely suitable for kids.

116.    Plaintiff and the Class purchased the Products manufactured, advertised, and sold by Defendant, as described herein.

117.    Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

118.    However, Defendant breached that implied warranty in that the Products did not contain the represented dosage in each unit of the Products, and instead, consumers must ingest multiple gummies or tablets to achieve the advertised dosage. Defendant further breached implied warranties in that the Kids Organic Fiber Gummies product is not specially formulated for kids, and instead, is identical to the regular Organic Fiber Gummies product

119.    As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that the Products did not conform to promises and affirmations made on the label of the Products.

120.    Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Products' price premium.

## SIXTH CAUSE OF ACTION
### Negligent Misrepresentation
### *(on behalf of all Classes)*

121.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

122.    Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Products because Defendant

CLASS ACTION COMPLAINT

was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

123.   During the applicable Class period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Products, including the amount of nutrients or probiotics contained in each gummy or tablet, and that the Kids Organic Fiber Gummies product was specially formulated for kids or otherwise uniquely suitable for kids.

124.   Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Products at a premium price.

125.   Defendant was careless in ascertaining the truth of its representations in that it knew or should have known that Plaintiff and Class Members would pay an unlawful premium for misleading products.

126.   Plaintiff and Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

127.   Plaintiff and Class Members would not have purchased the Products or paid as much for the Products if the true facts had been known.

## SEVENTH CAUSE OF ACTION

### Intentional Misrepresentation/Fraud

#### *(on behalf of all Classes)*

128.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

129.   Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Products because Defendant

CLASS ACTION COMPLAINT

was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

130. During the applicable Class period, Defendant intentionally misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Products, including the dosage amount of each gummy or tablet, and that the Kids Organic Fiber Gummies product was specially formulated for kids or otherwise uniquely suitable for kids. These representations were material and were uniformly made.

131. As noted in detail above, these representations were false and misleading, as each unit of the Products contained only a fraction of the advertised dosage. Additionally, the Kids Organic Fiber Gummies product is identical to the regular Organic Fiber Gummies product. Defendant made these misrepresentations with actual knowledge of their falsity and/or made them with fraudulent intent.

132. Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Products at a premium price, deprive Plaintiff and Class Members of property or otherwise causing injury, and thus, Defendant has committed fraud.

133. Defendant's deceptive or fraudulent intent is evidenced by motive and opportunity. Defendant knew that consumers would pay more for a product if they believed they were receiving a higher dosage than that of competitors' lawfully labeled products. For that reason, Defendant misrepresented the dosage of its Products so that Defendant could realize greater profits. Defendant knew that consumers would place trust and confidence in its Products' claims and rely thereon in their purchases of the Products.

134. Defendant also offered a product that was marketed and advertised as specially formulated for kids so Defendant could realize greater profits. In addition

CLASS ACTION COMPLAINT

to Defendant's knowledge that the Kids Organic Fiber Gummies product was not specially formulated for kids and was not otherwise uniquely suitable for kids, Defendant expressly represented that the Kids Organic Fiber Gummies product was more suitable for kids and superior to the regular Organic Fiber Gummies product when purchasing for adults, and generated great profit by instilling confidence in its consumer base that its claims were credible.

135.  Plaintiff and the Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

136.  As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the Class were induced to purchase the Products at a premium.

137.  Plaintiff and the Class Members would not have purchased the Products or paid as much for the Products if the true facts had been known.

138.  As a result of their reliance, Plaintiff and Class Members were injured in an amount to be proven at trial, including, but not limited to, their lost benefit of the bargain and overpayment at the time of purchase.

139.  Defendant's conduct was knowing, intentional, with malice, demonstrated a complete lack of care, and was in reckless disregard for the rights of Plaintiff and Class Members Plaintiff and Class Members are therefore entitled to an award of punitive damages.

## **EIGHTH CAUSE OF ACTION**

### **Quasi-Contract/ Unjust Enrichment**

### *(on behalf of all Classes)*

140.  Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

141.  As alleged in detail above, Defendant's false and misleading labelling caused Plaintiff and the Class to purchase the Products at a premium.

142.  In this way, Defendant received a direct and unjust benefit, at Plaintiff

CLASS ACTION COMPLAINT

and the Class's expense.

143.   It would be unjust and inequitable for Defendant to retain the above-mentioned benefits. For example, Defendant was only able to charge a premium for the Products by intentionally withholding information from Plaintiff, or otherwise misrepresenting the Products' qualities.

144.   Plaintiff and the Class seek restitution.

## VII.    **PRAYER FOR RELIEF**

145.   Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Defendant as follows:

- For an order certifying this action as a class action, appointing Plaintiff as the Class Representative, and appointing Plaintiff's Counsel as Class Counsel;

- For an order declaring that Defendant's conduct violates the statutes and laws referenced herein, consistent with applicable law and pursuant to only those causes of action so permitted;

- For an order awarding monetary compensation in the form of damages, restitution, and/or disgorgement to Plaintiff and the Class, consistent with permissible law and pursuant to only those causes of action so permitted;

- For an order awarding punitive damages, statutory penalties, and/or monetary fines, consistent with permissible law and pursuant to only those causes of action so permitted;

- For an order awarding attorneys' fees and costs, consistent with permissible law and pursuant to only those causes of action so permitted;

- For an order awarding pre-judgment and post-judgment interest, consistent with permissible law and pursuant to only those causes of action so permitted; and

CLASS ACTION COMPLAINT

- For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

146.  Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 11, 2025        **CROSNER LEGAL, P.C.**


By:    <u>/s/ *Lilach H. Klein*</u>
       Lilach H. Klein

9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
*lilach@crosnerlegal.com*

***Attorneys for Plaintiff and the Proposed Class***

---

33

CLASS ACTION COMPLAINT

**<u>Civil Code Section 1780(d) Venue Affidavit</u>**

I, Lilach H. Klein, declare as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California. I am one of the counsel of record for Plaintiff.

2.      This declaration is made pursuant to § 1780(d) of the California Consumers Legal Remedies Act.

3.      Defendant has done, and is doing business in California, including in this District. Such business includes the marketing, promotion, distribution, and sale of the Products.

4.      Plaintiff purchased one or more of the Products at issue in this District.


I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.


Executed on February 11, 2025 in Sacramento, California.


Crosner Legal, P.C.

By:    */s/  Lilach H. Klein*
       LILACH H. KLEIN

9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
lilach@crosnerlegal.com

*Attorneys for Plaintiff and the Proposed
Class*

1

CLASS ACTION COMPLAINT