DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
Daniel H. Leigh (SBN 310673)
  *danielleigh@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
NEW CHAPTER, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINAMARIE BARRALES,<br><br>                    Plaintiff,<br><br>    vs.<br><br>NEW CHAPTER, INC.,<br><br>                    Defendant. | Case No. 2:25-cv-01171-HDV-KES<br><br>**DEFENDANT NEW CHAPTER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND STRIKE ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Assigned to the Hon. Hernán D. Vera<br><br>Dept.:          Courtroom 5B<br>Date:          10:00 a.m.<br>Time:         May 15, 2025<br><br>Action Filed:    February 11, 2025 |

MOTION TO DISMISS AND STRIKE

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 15, 2025, at 10:00 a.m. in Courtroom 5B of the United States District Court, Central District of California, located at 350 West First Street, Los Angeles, California 90012, defendant New Chapter, Inc. will and hereby does move for an order (1) dismissing, with prejudice, plaintiff Tinamarie Barrales's Complaint filed on February 11, 2024 pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); and (2) striking Ms. Barrales' putative nationwide class allegations pursuant to Federal Rule of Civil Procedure 12(f).

New Chapter moves to dismiss on the grounds that:

1.      Under Rule 12(b)(6), Ms. Barrales's Complaint fails to state a claim upon which relief can be granted for violations of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*, and for intentional misrepresentation/fraud, negligent misrepresentation, breach of express warranties, breach of implied warranties, quasi-contract/unjust enrichment, and punitive damages; and

2.      Under Rule 12(b)(1), the Court should dismiss Ms. Barrales's Complaint in its entirety, dismiss her claims based on products she did not purchase,[1] and dismiss her nationwide class claims because Ms. Barrales lacks injury-in-fact sufficient for standing under Article III of the United States Constitution; lacks Article III standing to bring claims based on products she never purchased; and lacks Article III standing to pursue common law and breach of warranty claims she purports to bring on behalf of a nationwide class.

---

[1] Ms. Barrales did not purchase: New Chapter All-Flora Probiotic + Prebiotic, New Chapter Cellular Energy Vitamin B12+, and New Chapter Berberine.

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

MOTION TO DISMISS AND STRIKE

New Chapter moves to strike pursuant to Rule 12(f) on grounds that Ms. Barrales lacks standing to bring claims of a nationwide class and therefore no nationwide class can be certified. New Chapter seeks an order striking:

1.      Complaint (ECF No. 1) ¶ 54: "or subclass"

2.      *Id.* ¶ 55: " **The Nationwide Class** All U.S. citizens who purchased the Products in their respective state of citizenship for personal and household use and not for resale within the applicable statute of limitations and until the date class notice is disseminated."

3.      *Id.* ¶ 56: "and Subclasses"

New Chapter's Motion to Dismiss and Strike is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the concurrently-filed [Proposed] Order; all other pleadings and papers on file in this action; any oral argument at the hearing on the Motion to Dismiss and Strike; and any further matters of which this Court may take judicial notice.

New Chapter's Motion to Dismiss and Strike is made following the conference of counsel pursuant to Local Rule 7-3, which occurred on April 4, 2025.


Dated:  April 11, 2025

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Heather F. Canner
Daniel H. Leigh

By: */s/ Jacob M. Harper*
        Jacob M. Harper

*Attorneys for Defendant*
NEW CHAPTER, INC.

MOTION TO DISMISS AND STRIKE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION & SUMMARY OF ARGUMENT ................................. 1

II.  FACTUAL BACKGROUND ......................................................... 3

III. THE COURT SHOULD DISMISS UNDER RULE 12(B)(6)..................... 4

    A.   All of Ms. Barrales Claims Fail For Lack of Consumer Deception. ..................................................................... 4

    B.   Express Preemption Bars Ms. Barrales's Claims............................ 11

    C.   Ms. Barrales's Claims Fail Under the Safe Harbor Doctrine............. 15

    D.   Ms. Barrales's Claims Fail for Additional Claim-Specific Reasons. ................................................................... 15

IV.  THE COURT SHOULD DISMISS UNDER RULE 12(B)(1).................... 18

    A.   Ms. Barrales Does Not Plead Injury-in-Fact. .................................. 18

    B.   Ms. Barrales Lacks Standing Regarding Products She Never Purchased. ................................................................ 19

    C.   Ms. Barrales Lacks Standing to Bring Nationwide Class Claims...... 20

V.   THE COURT SHOULD STRIKE THE NATIONWIDE CLASS.............. 21

VI.  CONCLUSION.................................................................... 22

MOTION TO DISMISS AND STRIKE

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahringer v. LoanDepot, Inc.*,
715 F. Supp. 3d 1274 (C.D. Cal. 2024) ............................................................. 21

*Astrium S.A.S. v. TRW, Inc.*,
197 F. App'x 575 (9th Cir. 2006) ...................................................................... 16

*Azoulai v. BMW of N. Am. LLC*,
2017 WL 1354781 (N.D. Cal. Apr. 13, 2017) .......................................................5

*Becerra v. Dr Pepper/Seven Up, Inc.*,
945 F.3d 1225 (9th Cir. 2019) ............................................................................6

*Boris v. Wal-Mart Stores, Inc.*,
35 F. Supp. 3d 1163 (C.D. Cal. 2014) ............................................................... 17

*Brod v. Sioux Honey Ass'n, Co-op*,
927 F. Supp. 2d 811 (N.D. Cal. 2013) .................................................................5

*Brown v. Madison Reed, Inc.*,
2023 WL 8613496 (9th Cir. Dec. 13, 2023) .................................................... 6, 7

*Bryan v. Del Monte Foods, Inc.*,
2024 WL 4866952 (9th Cir. Nov. 22, 2024) .........................................................8

*Carpenter v. Petsmart, Inc.*,
441 F. Supp. 3d 1028 (S.D. Cal. 2020) .......................................................... 21, 22

*Chapman v. Pier 1 Imps. (U.S.) Inc.*,
631 F.3d 939 (9th Cir. 2011) ............................................................................ 18

*Chebul v. Tuft & Needle, LLC*,
2024 WL 5257021 (C.D. Cal. Oct. 9, 2024) ...................................................... 22

*Eagle Rock Ent., Inc. v. Coming Home Prods., Inc.*,
2003 WL 25781234 (C.D. Cal. Dec. 12, 2003) ................................................. 15

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016) .................................................................. 5, 6, 15

v

MOTION TO DISMISS AND STRIKE

*Evans v. Ariz. Cardinals Football Club, LLC*,
   252 F. Supp. 3d 855 (N.D. Cal. 2017) .......................................................................4

*Gudgel v. Clorox Co.*,
   514 F. Supp. 3d 1177 (N.D. Cal. 2021) ....................................................... 6, 15

*Harris v. CVS Pharm., Inc.*,
   2015 WL 4694047 (C.D. Cal. Aug. 6, 2015)................................................... 20

*Hartwich v. The Kroger Co.*,
   2021 WL 4519019 (C.D. Cal. Sept. 20, 2021) ................................................ 11

*Hollins v. Walmart Inc.*,
   67 F.4th 1011 (9th Cir. 2023) ......................................................................... 12

*Kim v. Bluetriton Brands, Inc.*,
   2024 WL 243343 (9th Cir. Jan. 23, 2024) ........................................................9

*La Barbera v. Olé Mexican Foods Inc.*,
   2023 WL 4162348 (C.D. Cal. May 18, 2023) ............................................... 3, 5

*Lazo v. Bank of Am., N.A.*,
   2012 WL 1831577 (N.D. Cal. May 18, 2012)................................................ 16

*Lokey v. CVS Pharmacy, Inc.*,
   2020 WL 6822890 (N.D. Cal. Nov. 20, 2020) ............................................... 10

*Lorentzen v. The Kroger Co.*,
   532 F. Supp. 3d 901 (C.D. Cal. 2021) ...................................................... 19, 20

*Lozano v. Bowmar Nutrition LLC*,
   2021 WL 4459660 (C.D. Cal. Aug. 19, 2021)................................................ 20

*Manchouck v. Mondelēz Int'l Inc.*,
   2013 WL 5400285 (N.D. Cal. Sept. 26, 2013) ..................................................5

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581 (9th Cir. 2012) .......................................................................... 21

*McConnon v. Kroger Co.*,
   2024 WL 3941340 (C.D. Cal. June 21, 2024) ........................................... 6, 7, 8

*McGee v. S-L Snacks Nat'l*,
   982 F.3d 700 (9th Cir. 2020) ...................................................................... 2, 18

vi

MOTION TO DISMISS AND STRIKE

*McGinity v. Procter & Gamble Co.*,
    69 F.4th 1093 (9th Cir. 2023) ................................................................. 2, 6, 8, 9

*McKinnis v. Kellogg USA*,
    2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) ..................................................... 16

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) ................................................................. 3, 5, 8

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
    2019 WL 424703 (S.D. Cal. Feb. 4, 2019)............................................................6

*Ochoa v. Zeroo Gravity Games LLC*,
    2023 WL 4291974 (C.D. Cal. Feb. 1, 2023) ..................................................... 19

*Oh v. Fresh Bellies, Inc.*,
    2024 WL 4500727 (C.D. Cal. Oct. 15, 2024)..................................................... 19

*Pardini v. Unilever United States, Inc.*,
    65 F.4th 1081 (9th Cir. 2023) ..................................................... 14, 15

*Pelayo v. Nestle USA, Inc.*,
    989 F. Supp. 2d 973 (C.D. Cal. 2013) ............................................................5

*Pom Wonderful LLC v. Coca Cola Co.*,
    2013 WL 543361 (C.D. Cal. Feb. 13, 2013) ..................................................... 15

*Przybylak v. Bissell Better Life LLC*,
    2019 WL 8060076 (C.D. Cal. July 19, 2019)..................................................... 21

*Red v. Kraft Foods, Inc.*,
    2012 WL 5504011 (C.D. Cal. Oct. 25, 2012)............................................................7

*Robinson v. Unilever U.S., Inc.*,
    2019 WL 8012687 (C.D. Cal. Aug. 21, 2019)............................................................5

*Robles v. GOJO Indus., Inc.*,
    2023 WL 4946601 (9th Cir. Aug. 3, 2023) ............................................................9

*Rooney v. Cumberland Packing Corp.*,
    2012 WL 1512106 (S.D. Cal. Apr. 16, 2012)............................................................6

*Roper v. Big Heart Pet Brands, Inc.*,
    510 F. Supp. 3d 903 (E.D. Cal. 2020) ..................................................... 17

vii

MOTION TO DISMISS AND STRIKE

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Rozier v. Dep't of Homeland Sec. Fed. Protective Serv.*,
2022 WL 2199938 (C.D. Cal. Mar. 7, 2022) ...................................................... 17

*Sanchez v. Nurture, Inc.*,
626 F. Supp. 3d 1107 (N.D. Cal. 2022) ............................................................ 20

*Solis v. Coty, Inc.*,
2023 WL 2394640 (S.D. Cal. Mar. 7, 2023) .................................................... 18

*Steinberg v. Icelandic Provisions, Inc.*,
2023 WL 3918257 (9th Cir. June 9, 2023) ........................................................ 8

*Taiwan Semiconductor Mfg. Co., Ltd. v. Tela Innovations, Inc.*,
2014 WL 3705350 (N.D. Cal. July 24, 2014)................................................... 17

*In re Toyota Motor Corp.*,
785 F. Supp. 2d 883 (C.D. Cal. 2011) ............................................................. 21

*Veasna Chan Hun v. Hajjar*,
2019 WL 8221087 (C.D. Cal. Sept. 3, 2019) .................................................... 16

*Viggiano v. Hansen Nat. Corp.*,
944 F. Supp. 2d 877 (C.D. Cal. 2013) ............................................................. 12

*Walters v. Vitamin Shoppe Indus., Inc.*,
701 F. App'x 667 (9th Cir. 2017) ...................................................................... 9

*Warner v. Tinder Inc.*,
105 F. Supp. 3d 1083 (C.D. Cal. 2015) ........................................................... 17

*Weiss v. Trader Joe's Co.*,
2018 WL 6340758 (C.D. Cal. Nov. 20, 2018)............................................... 6, 10

*Wilson v. ColourPop Cosms., LLC*,
2023 WL 6787986 (N.D. Cal. Sept. 7, 2023) ................................................... 18

*Zakikhan v. Hyundai Motor Corp.*,
2021 WL 4805454 (C.D. Cal. June 28, 2021) .................................................. 19

**Statutes**

21 U.S.C.
§ 343-1 ............................................................................................................. 12
§ 393............................................................................................................... 12

MOTION TO DISMISS AND STRIKE

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**Rules**

Federal Rule of Civil Procedure 12 ........................................................ 4, 18, 20, 21

**Regulations**

21 C.F.R. § 101.12 ................................................................................... 13, 15

21 C.F.R. § 101.13 ................................................................................... 12, 15

21 C.F.R. § 101.36 ................................................................................... 12

ix

MOTION TO DISMISS AND STRIKE

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION & SUMMARY OF ARGUMENT

This case is the fifth of six putative class actions that plaintiff Tinamarie Barrales has filed since February 2024 claiming consumer deception related to products ranging from energy drinks to baby bottles.[1]  In this iteration, she claims the labels for defendant New Chapter, Inc.'s dietary supplements (the Products) deceive consumers because: (1) she believes front label descriptions about, for example, the amount of fiber or probiotics apply on a per-gummy or per-tablet basis rather than per serving, despite the labels making no such claims or representations; and (2) "Kids" gummies are not specially formulated for children and instead merely (and accurately) indicate the supplements are suitable for them.  Instead of relying on actual label statements, Ms. Barrales conjures her claims by "reading too much into the packaging"—the same strategy that resulted in dismissal of similarly fictional claims by Ms. Barrales just weeks ago.  (*Barrales v. Ghost Beverages LLC*, No. 1:24-cv-1185 (N.D. Ill. Feb. 12, 2024), Mar. 25, 2025 Hearing Tr. at 23:5 (internal quotation marks and citation omitted).)  Dismissal is appropriate in this case as well.

*No Misleading Statements.*  *First*, Ms. Barrales's claims fail because she cannot (as she does here) rely on representations that appear nowhere on the labels.  For one of the two Products she actually purchased (New Chapter's Organic Fiber Gummies), for example, Ms. Barrales claims the disclosure of "4g prebiotic fiber" per serving actually means "4g of prebiotic fiber *per gummy*"—a statement that

---

[1] *See Barrales v. RoC Opco LLC*, No. 5:25-cv-01755 (N.D. Cal. Feb. 19, 2025); *Barrales v. Nuna Baby Essentials, Inc.*, No. 3:25-cv-01284 (N.D. Cal. Feb. 6, 2025); *Barrales v. Newell Brands, Inc.*, No. 24STCV33476 (LA Cnty. Super. Ct. Dec. 18, 2024) (subsequently removed to the Central District as Case No. 2:25-cv-01882); *Barrales v. Newell Brands Inc.*, No. 1:24-cv-03025-MLB (N.D. Ga. Jul. 8, 2024); *Barrales v. Ghost Beverages LLC*, No. 1:24-cv-1185 (N.D. Ill. Feb. 12, 2024) (dismissed without prejudice on Mar. 25, 2025).

MOTION TO DISMISS AND STRIKE

1

appears *nowhere on the label* and is affirmatively debunked by quick reference to the back panel.  (Compl. ¶ 33, p. 5 (emphasis added).)  As to the second allegedly purchased Product (New Chapter's Kids Organic Fiber Gummies), she claims that the word "Kids" creates a "representation" to consumers that the product uses a unique formulation specifically created for kids—again, a representation entirely absent from the label.  (*Id.* ¶ 35.)  For the other three Products (which she did not even purchase), she relies on similarly fictional claims. The Ninth Circuit counsels that dismissal is warranted where, as here, a plaintiff's claims are based on statements absent from the label, and the label as a whole renders allegations of deception implausible.  *See, e.g.*, *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023).

**Preemption & Safe Harbor.**  *Second*, federal preemption and the safe harbor doctrine bar Ms. Barrales's claims challenging nutrient content statements (e.g., "4g prebiotic fiber") on the Products' labels.  Federal regulations implementing the Food, Drug, and Cosmetic Act (FDCA) expressly allow labels for dietary supplements to list nutrient content claims—like "4g prebiotic fiber"—on a per serving basis, which is exactly what the Products' labels do.

**Claim-Specific Reasons.**  *Third*, Ms. Barrales's claims fail for numerous independent claim-specific reasons, like failing to plead a false statement for her fraud claims and improperly bringing a negligent misrepresentation claim based solely on economic loss.

**Lack of Standing.**  *Fourth*, Ms. Barrales lacks Article III standing—she lacks standing to bring any of her claims because she was not deceived and therefore has suffered no injury-in-fact, *see McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 706 (9th Cir. 2020); she lacks standing to bring claims about Products she never purchased; and her nationwide class claims should also be struck and dismissed because she lacks standing under the foreign laws that apply to absent class members.

A reasonable consumer is "not a chump, too doltish or careless" to look at the

MOTION TO DISMISS AND STRIKE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

back of a label where the front label is silent about some salient fact. *La Barbera v. Olé Mexican Foods Inc.*, 2023 WL 4162348, at *11 (C.D. Cal. May 18, 2023) (citing *Moore v. Trader Joe's Co.*, 4 F.4th 874 (9th Cir. 2021)).  New Chapter respectfully requests that the Court dismiss Ms. Barrales's claims with prejudice and strike her nationwide class allegations.

## II.    FACTUAL BACKGROUND

Defendant New Chapter, Inc. manufactures and distributes dietary supplements, including New Chapter All-Flora Probiotic + Prebiotic, New Chapter Organic Fiber Gummies, New Chapter Kids Organic Fiber Gummies, New Chapter Cellular Energy Vitamin B12+, and New Chapter Berberine.  (Compl. ¶ 1, pp. 5–7.) The front label of each Product states the amount of the relevant nutrient per standard two-gummy or two-tablet serving—for example, "4g prebiotic fiber." (*Id.* pp. 5–7.)  The Products' front labels do not state or suggest that the nutrient content claim is for one single gummy or tablet, and the back labels for each of the Products make clear that the nutrient content claim is *per two-gummy or two-tablet serving*. (*Id.*)

Plaintiff Tinamarie Barrales claims to have purchased two of the Products: Organic Fiber Gummies and Kids Organic Fiber Gummies.  (*Id.* ¶ 32.)  She alleges she purchased the Organic Fiber Gummies based on the "4g prebiotic fiber" statement on the front label.  (*Id.* ¶ 33, p. 5.)  She does not dispute that the gummies provide four grams of prebiotic fiber per two-gummy serving but rather alleges she read that statement to instead say "4g of prebiotic fiber *in each gummy*"—a statement the label does not make.  (*Id.* ¶¶ 2, 33, p. 5 (emphasis added).)  As for the Kids Organic Fiber Gummies, she contends she purchased the product based on the word "Kids."  (*Id.* ¶ 35.)  She does not dispute that the product is in fact suitable for children but claims that, based on the single word "Kids," she concluded the product was specially formulated for kids and therefore meaningfully different from the regular Organic Fiber Gummies—again, a statement the label does not make or

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

imply. (*Id.* ¶ 35, p. 5.) Ms. Barrales contends that she would not have purchased the Products, or would have paid less for them, had she known her assumptions were wrong. (*Id.* ¶¶ 34, 35.)

While she acknowledges she only purchased two of the Products, she now seeks to represent a *nationwide class* and a California subclass in claims regarding all *five* Products. (*Id.* ¶¶ 1, 32, 55.)

Ms. Barrales pleads claims for violation of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"); the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"); and the False Advertising Law, §§ 17500 *et seq.* ("FAL"); as well as breach of express and implied warranties; negligent misrepresentation; intentional misrepresentation/fraud; and quasi-contract/unjust enrichment.

## III.    THE COURT SHOULD DISMISS UNDER RULE 12(B)(6).

To survive this motion to dismiss, Ms. Barrales must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). She cannot do so as to any of the Products. Her claims fail on multiple, independent grounds.[2]

### A.    All of Ms. Barrales Claims Fail For Lack of Consumer Deception.

Ms. Barrales has not and cannot plausibly allege that the Products' labels would mislead a significant portion of reasonable consumers, which is fatal to all

---

[2] Claims regarding all of the Products fail. At the pleading stage, however, the Products Ms. Barrales actually purchased are the ones that matter—Ms. Barrales's failure to state *her* claims is fatal to the entire Complaint. *See Evans v. Ariz. Cardinals Football Club, LLC*, 252 F. Supp. 3d 855, 857–58 (N.D. Cal. 2017) (named plaintiff "can[not] shore up their *own* claims for relief . . . by piling on allegations as to *other* putative class members").

MOTION TO DISMISS AND STRIKE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

her claims.[3]

### 1.   Ms. Barrales Must Plausibly Plead Consumer Deception.

To state her claims under the "reasonable consumer" standard, Ms. Barrales must plausibly plead that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled" by the Products' labels. *Moore*, 4 F.4th at 882 (quoting *Ebner*, 838 F.3d at 965). This requires plausibly pleading "more than a mere possibility that [a label] might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Brod v. Sioux Honey Ass'n, Co-op*, 927 F. Supp. 2d 811, 828 (N.D. Cal. 2013) (internal quotation marks and citation omitted), *aff'd*, 609 F. App'x 415 (9th Cir. 2015).

This is "not a negligible burden" and "a plaintiff's unreasonable assumptions about a product's label will not suffice." *Moore*, 4 F.4th at 882; *see also La Barbera*, 2023 WL 4162348, at *11 ("[U]nder *Moore*, the reasonable consumer . . . is . . . not a chump [or] too doltish or careless to engage in [a] simple analysis . . . .") (citation omitted).

The Court "must determine, relying on its judicial experience and common sense, whether [the] allegations" are sufficient. *Manchouck v. Mondelēz Int'l Inc.*, 2013 WL 5400285, at *2 (N.D. Cal. Sept. 26, 2013) (internal quotation marks and citation omitted), *aff'd*, 603 F. App'x 632 (9th Cir. 2015). "[W]here a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) (collecting cases from all California

---

[3] *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016) (affirming dismissing of UCL, FAL, CLRA, and unjust enrichment claims for failure to plead consumer deception); *Azoulai v. BMW of N. Am. LLC*, 2017 WL 1354781, at *7 (N.D. Cal. Apr. 13, 2017) (dismissing UCL, CLRA, and warranty claims on this basis); *Robinson v. Unilever U.S., Inc.*, 2019 WL 8012687, at *3 (C.D. Cal. Aug. 21, 2019) (dismissing warranty and fraud claims on this basis).

MOTION TO DISMISS AND STRIKE

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27ᵀᴴ FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

district courts); *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228–31 (9th Cir. 2019) (affirming dismissal of mislabeling claims for failing to allege reasonable consumers would be deceived); *McGinity*, 69 F.4th at 1097–99 (same).

### 2. The Front-Label Nutrient Content Claims Are Not Plausibly Misleading.

For several reasons, Ms. Barrales fails to plausibly plead the Products' front-label statements—e.g., "4g probiotic fiber"—would deceive reasonable consumers.

*First*, Ms. Barrales improperly attempts to manufacture consumer deception by imagining statements that do not exist onto the labels—a tactic the Ninth Circuit routinely rejects. *E.g.*, *Brown v. Madison Reed, Inc.*, 2023 WL 8613496, at *1 (9th Cir. Dec. 13, 2023) (affirming dismissal). As the Ninth Circuit has repeatedly made clear, "no actionable misrepresentation" exists where "the statements on the label [are] accurate, and there [are] 'no other words, pictures, or diagrams adorning the packaging from which any inference could be drawn or on which any reasonable belief could be based.'" *Id.* at *1 (quoting *Ebner*, 838 F.3d at 966). Therefore, courts regularly dismiss reasonable consumer claims that are based on something a label does not say. *E.g.*, *McConnon v. Kroger Co.*, 2024 WL 3941340, at *3 (C.D. Cal. June 21, 2024) (dismissing claim based on statement plaintiff "import[ed]" onto the label that was "nowhere to be found" on the actual product); *Gudgel v. Clorox Co.*, 514 F. Supp. 3d 1177, 1186 (N.D. Cal. 2021) (dismissing claims where alleged misrepresentation "does not appear on the product's label" and thus "cannot be used as the basis to state a claim under the reasonable consumer test"); *Weiss v. Trader Joe's Co.*, 2018 WL 6340758, at *5 (C.D. Cal. Nov. 20, 2018), aff'd, 838 F. App'x 302 (9th Cir. 2021) (dismissing claim because a "reasonable consumer would not assume things about a product other than what the statement actually says") (quotation cleaned up and citation omitted).[4]

---

[4] *Accord Myers-Taylor v. Ornua Foods N. Am., Inc.*, 2019 WL 424703, at *4 (S.D. Cal. Feb. 4, 2019) (rejecting plaintiff's interpretation that "Milk From Grass-Fed Cows" is the same as stating that the cows are 100 percent grass-fed); *Rooney*

Davis Wright Tremaine LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

For example, in *McConnon*, Judge Blumenfeld rejected the plaintiff's claim that the front-label statement "Avocado Oil" on a bottle of avocado oil "conveys" that it is "pure" avocado oil, and thus represented a certain "purity" of oil, because the term "pure" "is nowhere to be found on the bottle." 2024 WL 3941340, at *3.

Here, Ms. Barrales's claims fail squarely under this long line of precedent, as she too relies on statements that are "nowhere to be found on the bottle[s]." *Id.* For example, she contends she reads the Organic Fiber Gummies' and Kids Organic Fiber Gummies' front label statements, "4g prebiotic fiber," to say "4 g of prebiotic fiber *per gummy*" (Compl. ¶ 33, p. 5 (emphasis added))—but she cannot read words ("per gummy") onto the labels that do not exist. Indeed, the actual label statements—"4g prebiotic fiber"—are accurate. As Ms. Barrales admits, reasonable consumers taking the gummies as directed do in fact obtain the dosage of four grams of prebiotic fiber. (*See id.* ¶ 14.) Moreover, "no other words, pictures, or diagrams adorning the packaging" state or imply that four grams of prebiotic fiber are contained in each individual *gummy* as opposed to each serving. *See Brown*, 2023 WL 8613496, at *1 (citation omitted). The labels do not, for example, state "4g of prebiotic fiber per gummy," "4g of prebiotic fiber in each gummy," or "4g of prebiotic fiber per unit," nor is "4g prebiotic fiber" adjacent to a picture of a single gummy, or even the total number of gummies in the bottle. (Compl. p. 5.)

The same is true for all of the Products' labels:

- New Chapter All-Flora Probiotic + Prebiotic accurately states that it has "2 billion CFU of probiotics" per labeled serving—the label never states that amount is "per gummy." (*Id.*)

---

*v. Cumberland Packing Corp.*, 2012 WL 1512106, at *4 (S.D. Cal. Apr. 16, 2012) (dismissing claim that "sugar in the raw" leads reasonable consumers to believe it was unprocessed or unrefined because "[n]owhere on the box do the words 'unprocessed' or 'unrefined' appear"); *Red v. Kraft Foods, Inc.*, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (dismissing mislabeling "claim . . . [that] assume[s] things about the products *other than* what the statement actually says").

MOTION TO DISMISS AND STRIKE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

- New Chapter Cellular Energy Vitamin B12+ accurately states that it has "350 MCG B12" per labeled serving—the label never states that amount is "per gummy." (*Id.* p. 6.)

- New Chapter Berberine accurately states that it has "1000 mg" per labeled serving—the label never states that amount is "per tablet." (*Id.* p. 7.)

Simply put, ***nothing on the Products' labels states or implies that each individual gummy or tablet contains the claimed nutrient content***. As Ms. Barrales's imagined "per gummy" or "per tablet" terms "appear nowhere on the label[s]," she cannot "import" the terms into the labels, and, therefore, cannot plausibly allege that reasonable consumers would be deceived by these non-existent label statements. *McConnon*, 2024 WL 3941340, at *3.

*Second*, to the extent Ms. Barrales claims the Products' front labels are unclear as to how many gummies or tablets impart the claimed nutrient levels, the Ninth Circuit requires reasonable consumers, including Ms. Barrales, to review the rest of the labels—which clearly disclose the serving sizes.

As the Ninth Circuit has explained—in multiple recent and binding decisions—when "a front label is ambiguous, the ambiguity can be resolved by reference to the back label," precluding consumer deception. *McGinity*, 69 F.4th at 1099; *see Moore*, 4 F.4th at 882 (for ambiguous label, "reasonable consumers would . . . require more information" to clarify); *Bryan v. Del Monte Foods, Inc.*, 2024 WL 4866952, at *1 (9th Cir. Nov. 22, 2024) ("fruit naturals" ambiguous as to whether all ingredients in fruit cup are natural so reasonable consumer "would look at the back label"); *Steinberg v. Icelandic Provisions, Inc.*, 2023 WL 3918257, at *1 (9th Cir. June 9, 2023) (affirming dismissal because no reasonable consumer believes "Icelandic Provisions[']" "product is manufactured in Iceland" when back

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

label "accurately states that the product is manufactured in New York").[5]

To the extent Ms. Barrales pleads she is uncertain as to what number of gummies or tablets to take, her claim is precluded because reasonable consumers would clarify by reviewing the back labels, which clearly disclose that the serving size of two gummies contains four grams of fiber.  (Compl.  pp. 5–7.)[6]  This is especially true for products like dietary supplements, where two-unit serving sizes are common (e.g., "take two and call me in the morning"), and consumers routinely check the labels to see how many they should take.

Under Ninth Circuit precedent, Ms. Barrales cannot plausibly allege the Products' labels are misleading to reasonable consumers, as required to state her claims.

### 3.    The "Kids" Statement Is Not Plausibly Misleading.

Ms. Barrales also cannot plausibly allege the word "Kids" on the Kids Organic Fiber Gummies would deceive reasonable consumers.

Here, again, Ms. Barrales attempts to write more onto the label than it actually says.  She contends she read the single word "Kids" on the front label to "represent that it is uniquely suitable for kids" such that "there is something different about [it]" as compared to the adult version of the supplement "that makes

---

[5] *Accord Kim v. Bluetriton Brands, Inc.*, 2024 WL 243343, at *1 (9th Cir. Jan. 23, 2024) (even if "Arrowhead" brand water name is ambiguous as to whether sourced from Arrowhead, back label discloses the source so "no reasonable consumer would be deceived"); *Robles v. GOJO Indus., Inc.*, 2023 WL 4946601, at *2 (9th Cir. Aug. 3, 2023) (affirming dismissal, explaining "the front label is ambiguous as to the population of germs at issue in the product's 99.99% effectiveness claim," so reasonable consumers would look to the clarification on the back label).

[6] Some case law points the opposite direction, concluding that a reasonable consumer would not check the nutrition information for a product if a front label is ambiguous as to serving size.  *E.g.*, *Walters v. Vitamin Shoppe Indus., Inc.*, 701 F. App'x 667, 670 (9th Cir. 2017).  That conclusion is dubious as a matter of logic and common sense, *Walters* and its progeny dealt with distinguishable labeling, and *Walters*'s conclusion is now also foreclosed by *McGinity*, 69 F.4th at 1099.

MOTION TO DISMISS AND STRIKE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

[it] better suited or more appropriate for kids." (Compl. ¶¶ 21, 25). But nothing on the label promises or implies that the product is "uniquely formulated," "specially formulated for kids" (*id.* ¶¶ 21, 26), or offers special benefits for kids—rather, the product is labeled as "Kids" because it is appropriate for children to consume (which Ms. Barrales does not dispute). *See Weiss*, 2018 WL 6340758, at *5 (dismissing claim because a "reasonable consumer would not assume things about a product other than what the statement actually says") (internal quotation marks and citation omitted). The fact that the kids and adult gummies have the same formulation is apparent from the face of the labels, which list the same amount of the same ingredient and contain virtually identical labeling statements. *See Lokey v. CVS Pharmacy, Inc.*, 2020 WL 6822890, at *5 (N.D. Cal. Nov. 20, 2020) ("The labels here are not deceptive. The front label shows that the medicines are compositionally the same.").

 

(Compl. pp. 5–6.)

Indeed, courts in this circuit have already evaluated and dismissed the same

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

type of children's product claims, holding that labeling a product with a term like "infants" or "kids" only conveys that the product is appropriate for that age and that reasonable consumers do not read "kids" on a label to mean a product is specially formulated for children. For example, in *Hartwich v. The Kroger Co.*, the court held that "infants'" acetaminophen was not deceptively labeled, even though it was the same product as acetaminophen labeled for older children, because "a reasonable consumer could not plausibly conclude that the term 'infants' . . . impl[ies] anything about the Product's pharmacological composition, other than that it is appropriate for children in the stated age range." 2021 WL 4519019, at *6 (C.D. Cal. Sept. 20, 2021). Similarly, in *Eidmann v. Walgreen Co.*, the court held that "infants'" acetaminophen was not deceptively labeled because "[n]o reasonable consumer would understand Infants' Product to be specially formulated." 522 F. Supp. 3d 634, 645 (N.D. Cal. 2021).

As with the "infants" acetaminophen in *Eidmann* and *Hartwich*, reasonable consumers would not read the single word "Kids" on the label to mean that the product is "specially formulated." 522 F. Supp. 3d at 645; 2021 WL 4519019, at *6. Indeed, the label makes no such statement. (Compl. p. 5.) Rather, reasonable consumers understand that a product labeled for "Kids" means just that: it is appropriate for consumption by kids. As reasonable consumers would not read the "Kids" statement as Ms. Barrales alleges, her claims on this basis fail.

In sum, Ms. Barrales has not and cannot allege the consumer deception required to state all her claims, and they should be dismissed with prejudice.

### B.    Express Preemption Bars Ms. Barrales's Claims.

Ms. Barrales also fails to state a claim based on the Products' front label nutrient content claims—e.g., "4g prebiotic fiber"—because federal law preempts her claim and the safe harbor doctrine applies.

MOTION TO DISMISS AND STRIKE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**1.     The FDCA Broadly Preempts State Law Claims Imposing Additional or Different Labeling Requirements.**

The FDCA ensures that dietary supplements are "properly labeled" nationwide.  21 U.S.C. § 393(b)(2)(A).  To avoid a state-by-state patchwork, the FDCA expressly preempts state law labeling requirements that are "not identical" to FDCA requirements.  *See* 21 U.S.C. § 343-1(a)(5).  That means that a "'state-law misbranding claim that would allow a state to impose requirements different from those permitted under the FDCA is preempted.'"  *Hollins v. Walmart Inc.*, 67 F.4th 1011, 1016 (9th Cir. 2023) (quotation cleaned up and citation omitted); *e.g.*, *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 890 (C.D. Cal. 2013) ("[A]ny state law requiring Hansen to use additional or different labeling [than FDA regulations] . . . would be preempted").

**2.     FDCA Regulations Authorize Listing the Nutrient Content (e.g., "4g Prebiotic Fiber") in Each Two-Unit Serving.**

Here, the FDCA's implementing regulations authorize the Products front-label statements (e.g., "4g prebiotic fiber")—which the FDCA calls a "nutrient content claim"[7]—without additionally disclosing the two-unit serving sizes in connection with that statement.

The FDCA allows for a variety of nutrient content claims, including statements about the quantitative amount of nutrients in a product—here, for example, "4g prebiotic fiber."  21 C.F.R. § 101.13.  The serving size used to calculate the nutrient content claim is based on the "reference amount customarily consumed" set by the FDA.  21 C.F.R. § 101.13(p)(1).  The FDA defines the "reference amount" for dietary supplements, including the products here, as "the maximum amount recommended, as appropriate, on the label for consumption per eating occasion"—i.e., the labeled serving size.  (*Reference Amounts Customarily*

---

[7] A "nutrient content claim" is a "claim that expressly or implicitly characterizes the level of a nutrient," 21 C.F.R. § 101.13(b), including a nutrient that constitutes the "source ingredient that supplies a dietary ingredient" in a dietary supplement, 21 C.F.R. § 101.36(d).

12

MOTION TO DISMISS AND STRIKE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Consumed: List of Products for Each Product Category: Guidance for Industry* (February 2018) at 26, available at https://www.fda.gov/media/102587/download (last accessed Apr. 11, 2025.)  Here, of course, the "maximum amount recommended, as appropriate, on the label for consumption per eating occasion" for each of the Products Ms. Barrales bought is two gummies or tablets.  (*See* Compl. pp. 5–7.)  The FDCA therefore authorizes the New Chapter to make nutrient content claims (e.g., "4g prebiotic fiber") for the Products based on the amount of nutrients in the labeled serving size (e.g., two gummies).

When the nutrient amount stated is based on this approved serving size, *the FDCA does not require any disclosure about the number of units used for the nutrient content claims*.  In other words, **the FDCA does not require the claim "4g prebiotic fiber" to include "per serving" or "per 2 gummies"—the FDCA authorizes the claim "4g prebiotic fiber" on its own without such additions**.  In contrast, where a label makes a nutrient content claim based on an amount of a product *other than* the reference amount, the label must disclose additional information about the basis for the nutrient content claim.  *See* 21 C.F.R. § 101.12(g) ("If the serving size declared on the product label differs from the reference amount, and the product meets the criteria for the claim only on the basis of the reference amount, the claim shall be followed by a statement that sets forth the basis on which the claim is made.").  For example, take a product with a labeled serving size and reference amount of five units, where five units contain 10 grams of protein.  If the product was labeled as containing "10g protein," it would not need to specify how many individual units are required to provide the labeled 10 grams of protein, since 10 grams of protein is per labeled serving size.  But if the label were to make a nutrient content claim corresponding to an amount *other than* the labeled serving size (e.g., "20g protein"), then the label would be required to specify how much of the product provides the claimed nutrient content (e.g., "20g protein per 10 units" or "20g protein in 2 servings").  *See* 21 C.F.R. § 101.12(g).

MOTION TO DISMISS AND STRIKE

13

That is not the case here.  Since the nutrient content claims are for the labeled reference amount serving size, the FDCA authorizes the front label nutrient content claims without any additional disclosure.

### 3.	Ms. Barrales's Claims Would Impose Different Requirements than the FDCA.

Here, because the FDCA authorizes the Products' front label nutrient content claims, Ms. Barrales's attempt to impose state-law liability is expressly preempted. Attempts to prohibit nutrient content claims the FDCA permits are clear cases for preemption.  *See, e.g.*, *Pardini v. Unilever United States, Inc.*, 65 F.4th 1081, 1091 (9th Cir. 2023) (state law claims that "directly or indirectly establish a requirement for food labeling that is not identical to federal requirements" for nutrient content claims are preempted) (internal quotation marks and citation omitted).

For example, in *Pardini*, a plaintiff challenged nutrient content claims on imitation butter, claiming they were based on "unrepresentative serving sizes."  65 F.4th at 1083.  But since the serving size, and therefore the nutrient content listed per serving (e.g., calories, grams of fat) were mandated by the FDCA, the plaintiff's claims were preempted because they would establish a "requirement for food labeling that is not identical to federal requirements."  *Id.* at 1091 (internal quotation marks and citation omitted).  Similarly, in *Nacarino v. Kashi Co.*, the Ninth Circuit held that protein claims on cereal boxes were permissible under the FDCA's implementing regulations.  77 F.4th 1201, 1204, 1210 (9th Cir. 2023). Because the protein claims on the label were authorized by federal law and "Plaintiffs' state-law claims"—which claimed that the protein statements were deceptive—sought to "impose different requirements from those prescribed by federal law," the claims were preempted.  *Id.* at 1204.

Here, Ms. Barrales's state law claims would prohibit the Products' FDCA-authorized nutrient content claims and create additional requirements not found in the FDCA.  The FDCA allows nutrient content claims (e.g., "4g prebiotic fiber") to

MOTION TO DISMISS AND STRIKE

14

be made based on the amount of nutrients per labeled two-unit serving.  21 C.F.R. § 101.13(p)(1).  Since the nutrient content claims correspond to a labeled two-unit serving, there is no requirement to list the number of gummies or tablets that correspond to the nutrient content claims.  21 C.F.R. § 101.12(g).  By claiming the Products' FDCA-approved labeling is deceptive and seeking to enjoin it, Ms. Barrales is pushing a "requirement for food labeling that is not identical to federal requirements."  *Pardini*, 65 F.4th at 1091 (internal quotation marks and citation omitted); *Nacarino*, 77 F.4th at 1204.  Her claims are preempted.

### C.   Ms. Barrales's Claims Fail Under the Safe Harbor Doctrine.

For similar reasons, Ms. Barrales's claims about the Products' nutrient content statements are also barred under California's safe harbor doctrine.  The safe harbor doctrine precludes claims based on conduct "affirmatively permitted by statute."  *Ebner*, 838 F.3d at 963; *see, e.g.*, *Pom Wonderful LLC v. Coca Cola Co.*, 2013 WL 543361, at *5 (C.D. Cal. Feb. 13, 2013) (dismissing claims under the safe harbor doctrine where the "[d]efendant has complied with the relevant FDA regulations").  Here, as noted above, the FDCA expressly allows the Products' front-label nutrient content statements.  (*See supra* § III.B.2.)  Those claims are therefore barred under the safe harbor doctrine.

### D.   Ms. Barrales's Claims Fail for Additional Claim-Specific Reasons.

#### 1.   Ms. Barrales's Intentional and Negligent Misrepresentation and Express Warranty Claims Fail.

Ms. Barrales' negligent and intentional misrepresentation and express warranty claims are barred because she never pleads an essential element of those claims—that the Products' labeling statements are actually false.  *See Eagle Rock Ent., Inc. v. Coming Home Prods., Inc.*, 2003 WL 25781234, at *4 (C.D. Cal. Dec. 12, 2003) ("A plaintiff is required to plead facts from which the Court can infer that the allegedly fraudulent statements were actually false when made.") (internal quotation marks and citation omitted); *Gudgel*, 514 F. Supp. 3d at 1188 (dismissing

MOTION TO DISMISS AND STRIKE

15

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

negligent misrepresentation claim where plaintiff has not identified any misrepresentation on the product's label); *McKinnis v. Kellogg USA*, 2007 WL 4766060, at *5 (C.D. Cal. Sept. 19, 2007) (dismissing express warranty claim for lack of false statement).  Here, Ms. Barrales concedes that the Products contain the levels of nutrients advertised.  (Compl. ¶ 14.)  And she does not dispute that "Kids" gummies are, in fact, appropriate for children.

### 2.  Ms. Barrales's Intentional Misrepresentation Claim Fails Because She Does Not Plead Fraudulent Intent.

Ms. Barrales's intentional misrepresentation claim also fails because she does not plead any facts showing fraudulent intent.  Fraud requires alleging "specific facts to suggest" the defendant has the requisite "scienter."  *Lazo v. Bank of Am., N.A.*, 2012 WL 1831577, at *9 (N.D. Cal. May 18, 2012).  Where a plaintiff alleges only "conclusory" allegations of knowledge—i.e., the defendant "knowingly made a false representation"—dismissal is warranted.  *Id.*  Here, Ms. Barrales alleges that New Chapter had "actual knowledge" or that New Chapter "knew or should have known" about misrepresentations (Compl. ¶¶ 45, 125, 131, 134), but she cites no facts to support these conclusory allegations.

### 3.  The Economic Loss Rule Bars Barrales's Negligent Misrepresentation Claim.

Ms. Barrales may not recover on a negligent misrepresentation theory for the economic loss she claims to have suffered.  *Astrium S.A.S. v. TRW, Inc.*, 197 F. App'x 575, 577 (9th Cir. 2006) (economic loss doctrine barred negligent misrepresentation claim); *Veasna Chan Hun v. Hajjar*, 2019 WL 8221087, at *5 (C.D. Cal. Sept. 3, 2019) (same).  Here, Ms. Barrales alleges economic loss under a price premium theory.  (Compl. ¶¶ 39, 40, 43, 44.)  She should not be permitted to transform what is essentially a contract claim alleging she did not receive the benefit of her bargain into a tort claim sounding in negligence.

16

MOTION TO DISMISS AND STRIKE

### 4. Ms. Barrales's Express Warranty Claim Bars her Quasi-Contract/Unjust Enrichment Claim.

Ms. Barrales's quasi-contract/unjust enrichment claim also fails because Ms. Barrales alleges a contract in the form of her express warranty claim.  Courts routinely dismiss plaintiffs' attempts to shoehorn both claims into complaints.  *See, e.g.*, *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 924–25 (E.D. Cal. 2020) ("Rule 8 does not allow a plaintiff invoking state law to assert an unjust enrichment claim while also alleging an express contract.") (citations omitted).

### 5. Ms. Barrales's UCL Unlawfulness, UCL Unfairness, and Unjust Enrichment Claims Fail With Her Other Claims.

Because Ms. Barrales' UCL unlawfulness, UCL unfairness, and unjust enrichment claims are predicated on her other claims, those claims fail along with her other deficient claims.  *See Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1095 (C.D. Cal. 2015) ("Where the predicate claims on which a plaintiff's UCL claim are based fail, the UCL claim fails as well."); *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1175 (C.D. Cal. 2014) (dismissing an unjust enrichment claim because all other claims were dismissed), *aff'd*, 649 F. App'x 424 (9th Cir. 2016).  All the unlawful and unfair acts that Ms. Barrales pleads (Compl. ¶¶ 77, 80–88) are predicated on other claims that fail for reasons stated in this Motion.

### 6. Ms. Barrales's Claim for Punitive Damages Fails.

Ms. Barrales's claim for punitive damages should be dismissed because she fails to plead the basic prerequisites for that claim.  "California federal district courts have consistently held that a plaintiff who seeks punitive damages against a corporate defendant must plead more than non-conclusory allegations that an officer, director or managing agent of the defendant authorized or ratified the conduct that constitutes malice, fraud or oppression." *Rozier v. Dep't of Homeland Sec. Fed. Protective Serv.*, 2022 WL 2199938, at *3 (C.D. Cal. Mar. 7, 2022) (internal quotation marks and citation omitted).  Failure to plead "the names or titles of any individual actor is a fatal defect." *Taiwan Semiconductor Mfg. Co., Ltd. v.*

17

MOTION TO DISMISS AND STRIKE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Tela Innovations, Inc.*, 2014 WL 3705350, at \*6 (N.D. Cal. July 24, 2014).  Here, Ms. Barrales alleges only the conclusory assertions that unidentified "senior officers and directors" had "knowledge" of the alleged "misleading statements" (Compl. ¶ 45), however Ms. Barrales does not name these individuals—let alone show how their conduct "authorized or ratified" oppressive or malicious conduct.

## IV.   THE COURT SHOULD DISMISS UNDER RULE 12(B)(1).

Ms. Barrales does not have standing to pursue her claims.  To survive a challenge to Article III standing under Rule 12(b)(1), a complaint must "sufficiently allege the essential elements of Article III standing." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011).

### A.   Ms. Barrales Does Not Plead Injury-in-Fact.

All of Ms. Barrales's claims fail for lack of Article III standing because she does not plead any injury-in-fact.  Here, Ms. Barrales claims injury because she bought more Products or paid more for them than she otherwise would have. (Compl. ¶¶ 18, 25.)  But Ms. Barrales got what she paid for—her unreasonable "assumptions" about the Products "were not included in the bargain, particularly given the labeling disclosure[s]." *McGee*, 982 F.3d at 706; *Solis v. Coty, Inc.*, 2023 WL 2394640, at \*8 (S.D. Cal. Mar. 7, 2023).  She therefore has no injury based on a benefit-of-the-bargain theory.

Her "price premium" theory also fails.  Although courts recognize that "a plaintiff can satisfy the injury in fact requirement by showing that she paid more for a product than she otherwise would have due to a defendant's false representations about the product," *McGee*, 982 F.3d at 706, here there is no deception (*see supra* § III.A).  Absent deception, there is no price premium and therefore no injury.  *See McGee*, 982 F.3d at 707; *Wilson v. ColourPop Cosms., LLC*, 2023 WL 6787986, at \*5 (N.D. Cal. Sept. 7, 2023) (no standing because "the Court cannot say an actual misrepresentation occurred"); *Solis*, 2023 WL 2394640, at \*9 (no injury because "Solis fails to identify a single false representation").

MOTION TO DISMISS AND STRIKE

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27ᵀᴴ FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

### B.   Ms. Barrales Lacks Standing Regarding Products She Never Purchased.

Even if Ms. Barrales has cognizable injury-in-fact more generally (she does not), she lacks injury-in-fact—and therefore Article III standing—for claims about Products she did not purchase.[8]  Ms. Barrales is attempting to stretch the scope of her claims by pleading claims about five types of Products while only having purchased two.  (Compl. ¶ 32.)  But a "plaintiff . . . cannot claim injury from similarly false advertising upon which he or she did not injuriously rely (by buying a similar product or otherwise)."  *Lorentzen v. The Kroger Co.*, 532 F. Supp. 3d 901, 909 (C.D. Cal. 2021); *Zakikhan v. Hyundai Motor Corp.*, 2021 WL 4805454, at *5 (C.D. Cal. June 28, 2021) (same).   The court should dismiss the claims premised on any Product other than the two Ms. Barrales purchased.

Ms. Barrales may argue that the Products she did not purchase are "substantially similar" to the ones she did purchase.  That argument fails for two reasons.

*First*, the Court should reject the "substantial similarity" standard.  This District recognizes that the "'substantial similarity' analysis is in direct tension with the notion of standing."  *Ochoa v. Zeroo Gravity Games LLC*, 2023 WL 4291974, at *8 (C.D. Cal. Feb. 1, 2023); *Lorentzen*, 532 F. Supp. 3d at 908.  "The substantial similarity of a product says nothing about whether a party suffered an injury traceable to the allegedly wrongful conduct of another."  *Ochoa*, 2023 WL 4291974, at *8; *see Oh v. Fresh Bellies, Inc.*, 2024 WL 4500727, at *5 (C.D. Cal. Oct. 15, 2024) (finding substantial similarity test "inconsistent with the basic concept of standing") (internal quotation marks and citation omitted).

*Second*, even if the Court accepts the "substantial similarity" standard (it should not), Ms. Barrales fails to plead that all five types of Product are

---

[8] Ms. Barrales did not purchase: New Chapter All-Flora Probiotic + Prebiotic, New Chapter Cellular Energy Vitamin B12+, and New Chapter Berberine.  (Compl. ¶¶ 1, 32.)

MOTION TO DISMISS AND STRIKE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

substantially similar.  The Products all contain different amounts (from "2 billion CFUs" to "4g" to "350 MCG") of different nutrients (from "probiotics" to "fiber" to "B12" to "Berberine Extract") that consumers desire and value in at different levels.  (Compl. pp. 5–7.)  The labels are different, as are the bottles.  (*Id.*)  Courts have found no substantial similarity between products on similar facts.  *See, e.g.*, *Sanchez v. Nurture, Inc.*, 626 F. Supp. 3d 1107, 1117 (N.D. Cal. 2022) (despite "similar nutrient content claims," no substantial similarity where "unpurchased products contain different ingredients from the purchased products and are thus markedly distinct from the purchased products").[9]

### C.    Ms. Barrales Lacks Standing to Bring Nationwide Class Claims.

Ms. Barrales also lacks standing to bring her common law and warranty claims[10] on behalf of a nationwide class.  "Courts in the Ninth Circuit have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured."  *Lozano*, 2021 WL 4459660, at *2 (internal quotation marks and citation omitted).  "Courts routinely dismiss claims for lack of subject-matter jurisdiction where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce because the named plaintiff lacks standing to invoke the foreign" laws.  *Harris v. CVS Pharm., Inc.*, 2015 WL 4694047, at *4 (C.D. Cal. Aug. 6, 2015) (internal quotation marks and citations omitted).

Here, the Complaint's common law and warranty claims would arise under the laws of the states where absent class members made their purchases—and Ms.

---

[9] For the same reasons, Ms. Barrales fails to state UCL, CLRA, and FAL claims under Rule 12(b)(6) regarding Products she never purchased, because she lacks statutory standing.  *Lozano v. Bowmar Nutrition LLC*, 2021 WL 4459660, at *4 (C.D. Cal. Aug. 19, 2021) (no economic injury and therefore no statutory standing for unpurchased products); *Lorentzen*, 532 F. Supp. 3d at 909 n.4 (same).

[10] Ms. Barrales's common law and warranty claims are for breach of express and implied warranties; negligent misrepresentation; intentional misrepresentation/fraud; and quasi-contract/unjust enrichment.

MOTION TO DISMISS AND STRIKE

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Barrales would therefore lack standing to bring those claims. Courts routinely conclude that absent non-California class members' claims arise under other states' laws. *See, e.g.*, *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589–94 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022); *Carpenter v. Petsmart, Inc.*, 441 F. Supp. 3d 1028, 1039 (S.D. Cal. 2020); *Przybylak v. Bissell Better Life LLC*, 2019 WL 8060076, at *3 (C.D. Cal. July 19, 2019) ("[T]he Complaint's breach of express warranty, breach of implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud counts do not specify under which state's laws they are brought, and Plaintiffs do not dispute that the class would assert claims under the laws of states other than California."). Because Ms. Barrales resides in California, "[c]laims under other states' laws must be dismissed for lack of standing." *Id.*[11]

## V.  THE COURT SHOULD STRIKE THE NATIONWIDE CLASS.

For similar reasons, the Court should strike Ms. Barrales's nationwide class claims under Rule 12(f). "Courts may strike class allegations when it is sufficiently obvious from the pleadings that the plaintiff may not pursue them." *Ahringer v. LoanDepot, Inc.*, 715 F. Supp. 3d 1274, 1284 (C.D. Cal. 2024) (internal quotation marks and citation omitted). Here, it is apparent from the face of Ms. Barrales's Complaint that she could never represent a nationwide class. Absent class members' common law and warranty claims would arise under the laws of their own states (*see supra* § IV.C), and Ms. Barrales may not bring claims under the laws of those states (*see id.*). It is therefore apparent on the face of the pleadings that a nationwide class cannot be certified with Ms. Barrales as the named plaintiff.

---

[11] To whatever extent Ms. Barrales instead asserts that non-California class members bring claims under *California* warranty statutes, those claims should be dismissed because California statutes lack extraterritorial effect. *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 913 (C.D. Cal. 2011).

MOTION TO DISMISS AND STRIKE

21

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Her nationwide class allegations should therefore be struck. *See, e.g.*, *Chebul v. Tuft & Needle, LLC*, 2024 WL 5257021, at \*5 (C.D. Cal. Oct. 9, 2024); *Carpenter*, 441 F. Supp. 3d at 1042.

## VI.   CONCLUSION

For the foregoing reasons, New Chapter requests that the Court dismiss Ms. Barrales's Complaint with prejudice and strike her nationwide class allegations.

Dated:  April 11, 2025

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Heather F. Canner
Daniel H. Leigh

By: */s/ Jacob M. Harper*
      Jacob M. Harper

*Attorneys for Defendant*
NEW CHAPTER, INC.

MOTION TO DISMISS AND STRIKE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## Certificate of Compliance

The undersigned, counsel of record for Defendant New Chapter, Inc. certifies that this brief contains 6,929 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Jacob M. Harper*
Jacob M. Harper

MOTION TO DISMISS AND STRIKE

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899