**CROSNER LEGAL, P.C.**
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
***Attorneys for Plaintiff and the Proposed Classes***

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINAMARIE BARRALES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW CHAPTER, INC.,<br><br>Defendant. | Case No.: 2:25-cv-01171-HDV-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>Date:  May 15, 2025<br>Time:  10:00 a.m.<br>Ctrm:  5B<br>Judge: Hon. Hernán D. Vera<br><br>Action Filed: February 11, 2025<br>Trial Date: None Set |

i

## **TABLE OF CONTENTS**

I.      INTRODUCTION ...............................................................................................1

II.     BACKGROUND ...............................................................................................1

III.    LEGAL STANDARD ........................................................................................3

IV.     ARGUMENT .....................................................................................................3

    A.    Reasonable Consumers are Misled by Defendant's Advertising.................3

       1.    The Products' Front Label Dosage Representations are Affirmatively Misleading................................................................................3

       2.    The Products' Rear Labels Do Not Shield Defendant From Liability ......5

       3.    The "Kids" Representation is Misleading to Reasonable Consumers.......7

    B.    Plaintiff's Claims are Not Preempted ........................................................9

    C.    Plaintiff's Remaining Claims are Adequately Pleaded............................12

       1.    Plaintiff's Misrepresentation and Express Warranty Claims Are Adequately Pled ................................................................................12

       2.    Plaintiff Adequately Pleads Fraudulent Intent...........................................14

       3.    The Economic Loss Doctrine Does Not Bar Plaintiff's Negligent Misrepresentation Claim...................................................................15

       4.    Plaintiff's Unjust Enrichment Claim is Not Barred...............................16

       5.    Plaintiff's UCL and Unjust Enrichment Claims Survive ......................16

       6.    Plaintiff's Request for Punitive Damages is Proper ...............................16

    D.    Plaintiff Has Article III Standing .............................................................17

       1.    Plaintiff Adequately Pleads Injury-in-Fact.............................................18

       2.    Plaintiff Has Standing to Sue for Substantially Similar Products ..........18

       3.    Plaintiff's Nationwide Class Claims Should Be Addressed at Class Certification ......................................................................................19

    E.    Plaintiff's Nationwide Claims Should Not Be Stricken ...........................21

V.      CONCLUSION................................................................................................21

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Allred v. Kellogg Co.*,
    No. 17-cv-1354, 2018 WL 1158885 (S.D. Cal. Feb. 23, 2018) ........................14

*Andrade-Heymsfield v. NextFoods, Inc.*,
    No.: 3:21-cv-1446, 2023 WL 2576770 (S.D. Cal. Mar. 20, 2023) ...................14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................3

*Astiana v. Dreyer's Grand Ice Cream, Inc.*,
    2012 WL 2990766 (N.D. Cal. July 20, 2012) ......................................................19

*Battle v. Taylor James, LLC*,
    607 F.Supp.3d 1025 (C.D. Cal. 2022)..................................................................20

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................3

*Brady v. Bayer Corp.*,
    26 Cal. App. 5th 1156 (2018) .........................................................................6, 7

*Burchfield v. Prestige Consumer Healthcare, Inc.*,
    534 F. Supp. 3d 1192 (C.D. Cal. 2021)..........................................................8, 9

*Caldwell v. Nordic Naturals, Inc.*,
    709 F.Supp.3d 889. (N.D. Cal. 2024).............................................................6, 13

*Cho v. Hyundai Motor Company, Ltd.*,
    636 F.Supp.3d 1149 (C.D. Cal. 2022) ................................................................18

*Cimoli v. Alacer Corp.*,
    546 F.Supp.3d 897 (N.D. Cal. 2021)........................................................1, 4, 5, 19

*In re Clorox Consumer Litig.*,
    894 F.Supp.2d 1224 (N.D. Cal. Aug. 24, 2012)................................................20

*Crown Cell Inc. v. Ecovacs Robotics, Inc.*,
    641 F.Supp.3d 843 (N.D. Cal. 2022)................................................................16

iii

*DiGiacinto v. RB Health (US), LLC,*
    668 F.Supp.3d 950 (N.D. Cal. 2023)...........................................................*passim*

*Eidmann v. Walgreen Co.,*
    522 F. Supp. 3d 634 (N.D. Cal. 2021).........................................................8, 9

*Elkies v. Johnson & Johnson Servs., Inc.,*
    No. CV 17-7320, 2018 WL 11328613 (C.D. Cal. Feb. 22, 2018) ...................8, 9

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003) .......................................................................21

*In re Ferrero Litigation,*
    794 F. Supp. 2d 1107 (S.D. Cal. 2011)...........................................................14

*Fitzhenry-Russell v. Coca-Cola Co.,*
    No. 5:17-cv-00603, 2017 WL 4680073 (N.D. Cal. Oct. 18, 2017)....................20

*Goodwin v. Walgreens, Co.,*
    No. CV 23-147, 2023 WL 4037175 (C.D. Cal. June 14, 2023).............1, 8, 9, 14

*Gunaji v. State Farm General Insurance Company,*
    No. EDCV 24-759, 2024 WL 3468838 (C.D. Cal. June 4, 2024).....................17

*Hannibal Pictures, Inc. v. Sonja Prods. LLC,*
    432 Fed.Appx. 700 (9th Cir. 2011)................................................................15

*Harmsen v. Smith,*
    693 F.2d 932 (9th Cir. 1982) .......................................................................20

*Hartwich v. Kroger Co.,*
    2021 WL 4519019 (C.D. Cal. 2021) ...............................................................8

*Hawkins v. Kroger Co.,*
    906 F.3d 763 (9th Cir. 2018) .......................................................................11

*Hinojos v. Kohl's Corp.,*
    718 F.3d 1098 (9th Cir. 2013) .......................................................................18

*In re Hyundai & Kia Fuel Econ. Litig.,*
    926 F.3d 539 (9th Cir. 2019) ...................................................................20, 21

iv

*Kirchenberg v. Ainsworth, Pet Nutrition, Inc.*,

No. 2:20-cv-00690, 2022 WL 172315 (E.D. Cal. Jan. 19, 2022)........................17

*Lemus v. Rite Aid Corp.*,

613 F.Supp.3d 1269 (C.D. Cal. 2022) ...............................................................16

*Lokey v. CVS Pharmacy, Inc.*,

No. 20-cv-04782, 2021 WL 633808 (N.D. Cal. Feb. 18, 2021).......................8, 9

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,

519 F.3d 1025 (9th Cir. 2008) ...........................................................................3

*McFall v. Perrigo Co.*,

No. CV 20-7752, 2021 WL 2327936 (C.D. Cal. Apr. 15, 2021) .....................8, 9

*Melendres v. Arpaio*,

784 F.3d 1254 (9th Cir. 2015) ...........................................................19, 20, 21

*Mendoza v. Procter and Gamble Co.*,

707 F.Supp.3d 932 (C.D. Cal. 2023) ...........................................................1, 8, 9

*Miller v. Ghiradelli Chocolate Co.*,

912 F. Supp. 2d 861 (N.D. Cal. 2012)...............................................................18

*Mollicone v. Universal Handicraft, Inc.*,

No. 16-CV-07322, 2017 WL 440257 (C.D. Cal. Jan. 30, 2017).......................19

*Muldoon v. DePuy Orthopaedics, Inc.*,

2024 WL 3522204 (N.D. Cal. July 23, 2024) ...................................................17

*Nacarino v. Kashi Co.*,

77 F.4th 1201 (9th Cir. 2023) ...........................................................................12

*Oppenheimer v. Southwest Airlines Co.*,

No. 13-260, 2013 WL 3149483 (S.D. Cal. June 17, 2013)...............................17

*Pardini v. Unilever United States, Inc.*,

65 F.4th 1081 (9th Cir. 2023) ...........................................................................12

*Plotts v. Am. Honda Motor Co.*,

No. CV 22-04529, 2023 WL 4843342 (C.D. Cal. June 9, 2023)......................20

v

*Precht v. Kia Motors Am., Inc.*,

    No. CV 14-1148, 2014 WL 10988343 (C.D. Cal. Dec. 29, 2014) ....................21

*Rees V. PNC Bank, N.A.*,

    308 F.R.D. 266 (N.D. Cal. 2015) .......................................................................17

*Reid v. Johnson & Johnson*,

    780 F.3d 952 (9th Cir. 2015) ........................................................................9, 11

*Risto v. Screen Actors Guild – Am. Fed. of Tel. and Radio Artists*,

    No. 2:18-cv-07241, 2018 WL 7016345 (C.D. Cal. Nov. 6, 2018) ....................17

*Robertson v. Clean Control Corp.*,

    No. 5:24-cv-01478, 2024 WL 5193852 (C.D. Cal. Dec. 18, 2024) .............13, 14

*Robinson v. Unilever U.S., Inc.*,

    No. CV 17-3010, 2018 WL 6136139 (C.D. Cal. June 25, 2018) .......................21

*Rutherford Holdings, LLC v. Plaza Del Rey*,

    223 Cal.App.4th 221 (2014) ..............................................................................16

*Seale v. GSK Consumer Health, Inc.*,

    718 F.Supp.3d 1208 (C.D. Cal. 2024) .......................................................8, 9, 14

*Sidhu v. Bayer Healthcare Pharm. Inc.*,

    No. 22-cv-01603, 2023 WL 6541865 (N.D. Cal. Oct. 5, 2023) ........................20

*Sims v. Campbell Soup Co.*,

    No. EDCV18668, 2018 WL 7568640 (C.D. Cal. Sept. 24, 2018) .....................14

*Swetala v. Quten Research Institute, LLC*,

    No. 1:24-cv-00620, 2025 WL 950627 (E.D. Cal. Mar. 28, 2025) ..............*passim*

*Tarvin v. Olly Public Benefit Corporation*,

    No. 2:24-cv-06261, 756 F.Supp.3d 797 (C.D. Cal. Nov. 12, 2024) ................4, 7

*Vance v. Church & Dwight Co.*,

    No. 2:22-cv-00044, 2023 WL 2696826 (E.D. Cal. Mar. 29, 2023) ...................21

*Waddell v. Trek Bicycle Corp.*,

    No. CV 15–2082, 2016 WL 7507770 (C.D. Cal. Apr. 7, 2016) ........................17

vi

*Walters v. Vitamin Shoppe Industries*,
   701 F.App'x 667 (9th Cir. 2017) ...............................................................*passim*

*Whiteside v. Kimberly Clark Corp.*,
   108 F.4th 771 (9th Cir. July 17, 2024) .........................................................5, 6

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) ....................................................................5, 6, 7

*Yan Mei Zheng-Lawson v. Toyota Motor Corp.*,
   No. 17-cv-06591, 2018 WL 2298963 (N.D. Cal. May 21, 2018) ......................21

*Young v. Neurobrands, LLC*,
   No. C 18-05907, 2019 WL 13247942 (N.D. Cal. 2019) ...................................16

*Youngblood v. CVS Pharmacy*,
   No. CV 20-6251, 2020 WL 8991698 (C.D. Cal. Oct. 15, 2020).......................8, 9

**Rules**

Fed. R. Civ. P. 8(a)..............................................................................................16, 17

Fed. R. Civ. P. 12(b)(6).............................................................................................17

Fed. R. Civ. P. 23 .....................................................................................................20

**Regulations**

21 C.F.R. § 101.12(b) ...............................................................................................11

21 C.F.R. § 101.12(g) ...............................................................................................10

21 C.F.R. § 101.13(b) .................................................................................................9

21 C.F.R. § 101.13(i)(3)............................................................................................10

21 C.F.R. § 101.13(p)(1)....................................................................................9, 10, 12

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

## I.    INTRODUCTION

Plaintiff Tinamarie Barrales ("Plaintiff") alleges the advertising and marketing of a number of Defendant New Chapter, Inc.'s ("Defendant") dietary supplements ("Products") are deceptive. Specifically, the dosage representations made on the Products' front labels are misleading because they lead reasonable consumers to believe each unit in the Products contains the advertised dosage amount, when in fact, each unit contains only a fraction of the dosage advertised. Additionally, the "Kids" representation on the New Chapter Kids Organic Fiber Gummies product misleadingly leads reasonable consumers to believe the product is uniquely suitable for kids, despite having the exact same formula and ingredients as the regular New Chapter Organic Fiber Gummies product.

Courts within the Ninth Circuit have routinely declined to dismiss cases involving nearly identical allegations. *See, e.g.*, *Cimoli v. Alacer Corp.*, 546 F.Supp.3d 897, 902-04 (N.D. Cal. 2021); *Walters v. Vitamin Shoppe Industries*, 701 F.App'x 667, 670 (9th Cir. 2017); *Swetala v. Quten Research Institute, LLC,* No. 1:24-cv-00620, 2025 WL 950627 (E.D. Cal. Mar. 28, 2025); *DiGiacinto v. RB Health (US), LLC*, 668 F.Supp.3d 950 (N.D. Cal. 2023); *Goodwin v. Walgreens, Co.*, No. CV 23-147, 2023 WL 4037175 (C.D. Cal. June 14, 2023); *Mendoza v. Procter and Gamble Co.*, 707 F.Supp.3d 932 (C.D. Cal. 2023).

In its Motion to Dismiss ("MTD"), Defendant argues (1) reasonable consumers are unlikely to be misled, (2) Plaintiff's claims are preempted, (3) Plaintiff's claims fail for additional claim-specific reasons, (4) Plaintiff does not plead injury-in-fact, (5) Plaintiff cannot sue for substantially similar products, and (6) Plaintiff's nationwide class allegations should be stricken. Dkt. No. 15. None of Defendant's grounds for dismissal are persuasive and Defendant's motion should be denied.

## II.    BACKGROUND

"Defendant makes, distributes, sells, and markets a wide variety of dietary

1

supplements under the brand name New Chapter." Dkt. No. 1 ("Compl."), ¶ 1. The products at issue include (1) New Chapter All-Flora Probiotic + Prebiotic Gummies, (2) New Chapter Organic Fiber Gummies, (3) New Chapter Kids Organic Fiber Gummies, (4) New Chapter Cellular Energy Vitamin B12+ Gummies, and (5) New Chapter Berberine 1,000 mg Tablets. *Id.*

Plaintiff alleges the Products' front labels make false and misleading dosage representations, such as "4 g Prebiotic Fiber." Compl., ¶¶ 1-3, 14-15. "Reasonable consumers are led to believe that each gummy or tablet contains the advertised dosage amount." *Id.*, ¶ 2. "The truth, however, is that each gummy does not contain the advertised dosage amount. Instead, each gummy or tablet contains only a fraction of the advertised dosage and consumers must ingest two or more gummies to achieve the advertised dosage." *Id.*, ¶ 3. "As a result, consumers grossly overpay for the Products, receiving only half of the advertised value while paying the full purchase price." *Id.* Additionally, Defendant markets two separate organic fiber gummy products: one advertised for adults and one specifically for "Kids." *Id.*, ¶ 4. Defendant's "Kids" representation leads reasonable consumers to believe the Kids product is specially or uniquely suitable for kids. *Id.*, ¶¶ 4-5. "The truth, however, is that the Kids Organic Fiber Gummies product has the exact same formula and ingredients as the regular Organic Fiber Gummies product." *Id.* "[C]onsumers are induced to purchase two separate products for each demographic" and "are being deceived and overcharged." *Id.*

Plaintiff "purchased the New Chapter Organic Fiber Gummies and New Chapter Kids Organic Fiber Gummies products at retail stores in L.A. County in or around 2024 in reliance on the Products' front label advertising." Compl., ¶ 32. "In deciding to purchase the Products, Plaintiff read and relied on the dosage information displayed on the front labels" and "on the Product's claims that the Product was uniquely for "kids." *Id.*, ¶¶ 33, 35. At the time of purchase, Plaintiff did not know that the Products' front labels were false and misleading, and would not

2

have purchased the Products, or would not have paid as much as she had for them, had she known these facts. *Id.*, ¶¶ 34-35.

Plaintiff brings this action on behalf of a nationwide class and California subclass, alleging violations of California's Consumers Legal Remedies Act ("CLRA"), California's Unfair Competition Law ("UCL"), California's False Advertising Law ("FAL"), and breaches of express and implied warranties, negligent and intentional misrepresentation, and quasi contract/unjust enrichment. *Id.*, ¶¶ 69-144.

## III.  LEGAL STANDARD

A Plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a Plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## IV.  ARGUMENT

### A. Reasonable Consumers are Misled by Defendant's Advertising

#### 1. *The Products' Front Label Dosage Representations are Affirmatively Misleading*

Defendant argues the Products contain "no actionable misrepresentation." MTD at 15. Not so. Plaintiff alleges the Products' front labels communicate a specific dosage amount to consumers. For example, the front label of the New Chapter Organic Fiber Gummies product prominently represents – without any qualification – the quantity of prebiotic fiber as "4 g." Compl., ¶¶ 2, 14-15. Reasonable consumers would therefore expect each gummy to contain "4 g prebiotic fiber" as advertised. *Id.*, ¶ 2. Unfortunately, this is not the case. On the Product's

3

rear label, Defendant reveals that consumers must take two gummies to receive the advertised dosage of 4 grams and that each gummy actually only contains 2 grams of prebiotic fiber *Id*. In this context, it is easy to see how reasonable consumers would be misled. *See, e.g.*, *Cimoli*, 546 F.Supp.3d at 902-04 (finding "Plaintiff has properly alleged an actionable representation" in case challenging "750 mg" dosage representation on front label of gummy vitamins, notwithstanding product's back-label clarification of dosage as per serving rather than per gummy); *Walters*, 701 F.App'x at 670 (9th Cir.) ("2000 mg" representation misleading where two capsules were needed to receive that dosage); *Swetala*, 2025 WL 950627, at *5 ("Plaintiff sufficiently pled that a reasonable consumer would be misled by the front label" where front label indicated "1000mg" dosage "with no additional qualifications or information on the number of servings."); *Tarvin v. Olly Public Benefit Corporation*, No. 2:24-cv-06261, 756 F.Supp.3d 797, 804 (C.D. Cal. Nov. 12, 2024) (same).

Defendant argues the Products' front labels are "accurate" and to be deceptive, the front labels would have to state "4 g prebiotic fiber *per gummy*." *See* MTD at 16. However, the Products' front labels are not truthful: they advertise specific dosage amounts which are inaccurate, as each gummy or capsule contains only a fraction of the advertised dosage amount. Compl. ¶¶ 3, 14-15. Further, as the only information on the front label regarding dosage is that the Products contain X amount of nutrient or probiotic, without any further information on the front label, it is not only reasonable but more than likely that consumers would believe the specified dosage applies *per* gummy unit. Indeed, the Products' front labels contain no qualifier or statement (*e.g.*, "per serving" or "per two gummies") indicating that consumers are required to take multiple gummies to obtain the advertised dosages. The *Tarvin* court found the Ninth Circuit's decision in *Walters* "forecloses Defendant's argument" and held, "[a] representation of dosage amount on the front label without qualifying serving information may be considered 'unambiguously deceptive' to survive a 12(b)(6) motion." *See Tarvin*, 756 F.Supp.3d, at 806-07. The *Swetala* court similarly

4

rejected the argument that "[t]here is nothing [on the front label] from which to infer that there is a one-to-one correlation between the dosage amount and the number of capsules, gummies or chews," and found "the absence of specific statements correlating dosage to the unit number is synonymous with the product label in *Walters*" and reasonable consumers would be deceived. 2025 WL 950627, at *5; *see also Walters*, 701 F.App'x at 670 (reversing dismissal of fraudulent misrepresentation claim where front panel of products included a specific dosage representation without any indication as to whether dosage was per serving or per unit); *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 780 (9th Cir. July 17, 2024) (representations on front label, without any qualifications, were plausibly misleading).

### 2. *The Products' Rear Labels Do Not Shield Defendant From Liability*

Defendant argues, "the Ninth Circuit requires reasonable consumers, including Ms. Barrales, to review the rest of the labels—which clearly disclose the serving sizes." MTD at 17. Defendant's position is contrary to the Ninth Circuit's decision in *Walters*, which addressed nearly identical allegations. In *Walters*, the plaintiff alleged a "2000 mg" dosage representation was misleading where the front label failed to inform the consumer that he needed to consume two capsules to receive that dosage. 701 F. App'x at 670. The Ninth Circuit held, "[a]pplying the logic of *Williams* to this case, Walters did not have a duty to validate claims on the front of a product's label by cross-checking them against information contained in small print on the back." *Id.*, at 670. That *Walters* did not "read the clarifying serving-size information does not constitute a failure to reasonably safeguard his interests." *Id*. Other courts are in accord. *See, e.g.*, *Cimoli*, 546 F. Supp. 3d at 903 (rejecting argument that product's back label clarifies the dosage of Vitamin C is per serving where plaintiff alleged reasonable consumers believed each gummy contained 750 mg of Vitamin C); *Swetala*, 2025 WL 950627, at *4 ("when the front label displays a dosage without specifying if the dosage is per unit or per serving,

5

the front label is unambiguous such that a plaintiff need not turn to the back label for further information.").

Indeed, the Ninth Circuit has made clear that "reasonable consumers" should not "be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939-40 (9th Cir. 2008); *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1167-77 (2018) (rejecting argument that reasonable consumers "would read the label for the dosage[;]" serving size on back label indicating that two gummies a day were required did not shield defendant from liability for "One-A-Day" brand name, which implicated daily intake should be one per day). The Ninth Circuit recently confirmed, "*Williams* and *Brady* stand for the proposition that if a product's front label is plausibly misleading to reasonable customers, then the court does not consider the back label at the pleadings stage. Whether the back label ultimately defeats the plaintiff's claims is a question left to the fact-finder." *Whiteside*, 108 F.4th at 778 (9th Cir. 2024).

Defendant's cited authorities only hold that where a product's front label is ambiguous, the ambiguity can be resolved by reference to the back label. *See* MTD at 17. However, Defendant does not argue that the Products' front labels are ambiguous. *See generally*, MTD. Nor could it, as the Products' front labels are affirmatively misleading and do "not include the sort of inherent ambiguity which might put a consumer on notice to investigate the meaning of the label further." *See Caldwell v. Nordic Naturals, Inc.*, 709 F.Supp.3d 889, 901. (N.D. Cal. 2024) (distinguishing *McGinity* and *Moore*; finding a "2x" moniker was not inherently ambiguous and clearly denotes "two times."); Additional information that could be investigated (that the Products' gummies contain only a fraction of the advertised dosage) is contradictory to and not a mere clarification of an ambiguity in the front label. *See Whiteside*, 108 F.4th at 781 (defendant precluded from relying on the back label because plaintiff plausibly alleged front label made unambiguous

6

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

representation); *Tarvin*, 756 F.Supp.3d, at 806-07 (front label dosage representations without additional qualifications "unambiguously deceptive").

With Defendant's back against the wall in the face of Ninth Circuit precedent directly on point both factually and principally, Defendant contends "*Walters* and its progeny dealt with distinguishable labeling, and *Walters's* conclusion is now also foreclosed by *McGinity*..." MTD at 18, fn. 6. Defendant fails to explain how the labeling at issue here is possibly distinguishable from that of *Walters* and its progeny. *See* MTD. Moreover, the *Tarvin* court rejected the argument that *McGinity* forecloses the conclusion in *Walters*, finding "the Ninth Circuit in *McGinity* did not reject any previously articulated standard, let alone the standard applied in *Walters II*, and impose a higher standard." *Tarvin*, 756 F.Supp.3d at 805. "A review of *McGinity*, *Ebner* and *Walters II* makes clear that the three cases relied on and faithfully applied the "reasonable consumer" test articulated in *Williams*" and "[t]he Court finds no reason to believe that *McGinity* sought to deviate from well-established Ninth Circuit precedent and impose some higher standard, as Defendant here claims." *Id*. (finding as plausible plaintiff's allegations that dosage representation "without any additional qualifications or information on servings on the front label would mislead reasonable consumers to believe that each unit contained the advertised dosage amount.").

Notwithstanding, the Court should decline to make the factual determination urged by Defendant as to how consumers understand or interact with the Products' labels. *See Brady*, 26 Cal. App. 5th at 1172 ("Bayer feels the reasonable consumer will be so motivated to ascertain the precise amounts of vitamins that of course he or she will scrutinize the back. We don't think such a conclusion can be made as a matter of law at the pleading stage."); *Williams*, 552 F.3d at 938 ("whether or not a reasonable consumer would be misled is usually "a question of fact not appropriate for determination [on a motion to dismiss].").

### 3. The "Kids" Representation is Misleading to Reasonable Consumers

7

Defendant next argues the "Kids" representation on the New Chapter Kids Organic Fiber Gummies product is not misleading and merely conveys that the product "is appropriate for children to consume." *See* MTD at 18-19. At least eight (8) courts have rejected this argument and found similar representations plausibly misleading. *See, e.g.*, *DiGiacinto*, 668 F.Supp.3d at 964-66 ("Children's" representation could mislead reasonable consumers into believing Children's product was specially or uniquely for children); *Goodwin*, 2023 WL 4037175, at *3-4 (same); *Mendoza*, 707 F.Supp.3d at 941-42 (same); *Seale v. GSK Consumer Health, Inc.*, 718 F.Supp.3d 1208, 1224 (C.D. Cal. 2024) (same); *Elkies v. Johnson & Johnson Servs., Inc.*, No. CV 17-7320-GW (JEMx), 2018 WL 11328613, at *5 (C.D. Cal. Feb. 22, 2018) ("Infants" could lead consumers "to conclude that Infants' is unique or specially formulated for children under two."); *McFall v. Perrigo Co.*, No. CV 20-7752-FLA (MRWx), 2021 WL 2327936, at *1, 5 (C.D. Cal. Apr. 15, 2021) (same); *Burchfield v. Prestige Consumer Healthcare, Inc.*, 534 F. Supp. 3d 1192, 1201-03 (C.D. Cal. 2021) (same); *Youngblood v. CVS Pharmacy*, No. CV 20-6251-MCS (MRWx), 2020 WL 8991698, at *4 (C.D. Cal. Oct. 15, 2020) (same).

The cases cited by Defendant are factually distinguishable, as they challenged products that *were* different, including different age-specific dosing devices and inactive ingredients. *See* MTD at 19-20. For example, in *Hartwich*, the product's label prominently indicated the product "has qualities other than its pharmacological composition that make it more suitable for younger children than other products for older children: it is administered via the enclosed syringe, which is the 'pediatrician preferred dosing system,' and it is free of dyes, high-fructose corn syrup, and other ingredients that may be harmful to younger children." *Hartwich v. Kroger Co.*, 2021 WL 4519019, at *6 (C.D. Cal. 2021). The *Lokey* and *Eidmann* courts similarly held that reasonable consumers would not be misled because "[t]he products do differ, but not in the formulation of the medication. The differences are the dosing method (syringe for those too young to drink from a cup versus a cup) and the absence of

8

high fructose corn syrup from the Infant Product." *See Lokey v. CVS Pharmacy, Inc.*, No. 20-cv-04782-LB, 2021 WL 633808, at *1, 5 (N.D. Cal. Feb. 18, 2021); *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 640, 644 (N.D. Cal. 2021). Here, the only distinction between the products is that one is marketed as a "Kids" product. Otherwise, they are identical: they contain the same active and inactive ingredients,[1] and are gummy products that do not require different dosing methods. Compl., ¶ 15. Similar to *Goodwin*, *DiGiacinto*, *Seale*, *Mendoza*, *Elkies*, *McFall*, *Burchfield*, and *Youngblood*, the Court should find Plaintiff has adequately alleged Defendant's representations are likely to mislead reasonable consumers.

## B. Plaintiff's Claims are Not Preempted

Defendant argues the FDCA's "implementing regulations authorize the Products front label statements (e.g., '4g prebiotic fiber')" MTD at 21. Not so. "Under the FDA regulations, the general rule is that 'nutrient content claims' are not permitted on food labels." *Reid v. Johnson & Johnson*, 780 F.3d 952, 959 (9th Cir. 2015); *see* 21 C.F.R. § 101.13(b) (nutrient content claims may "not be made on the label or in labeling of foods unless the claim is made in accordance with this regulation and with the applicable regulations in subpart D of this part..."). However, the FDA has permitted some nutrient content claims, including "statements about the amount or percentage of a nutrient that are consistent with the labeling regulations (e.g., 'less than 3 g of fat per serving'), similar statements that include a disclaimer (e.g., 'only 200 mg of sodium per serving, not a low sodium food'), or statements that do not characterize the level of nutrient and are not false or misleading (e.g., '100 calories')." *Reid*, 780 F.3d at 959-60.

Defendant's sole support for its argument that the Products' front label dosage representations are "authorized" by the FDA is 21 C.F.R. § 101.13(p)(1). *See* MTD

---

[1] While the products' front labels claim to be made "with 4 g prebiotic fiber" (which is misleading in and of itself, *see* Section IV(A)(1), *supra*), the front labels are silent as to the remaining ingredients. Compl., ¶ 15.

9

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

at 21-22. Defendant misinterprets the FDCA regulations. For example, Defendant argues that under 21 C.F.R. § 101.13(p)(1), "[t]he serving size used to calculate the nutrient content claim is based on the 'reference amount customarily consumed' set by the FDA." MTD at 21. But § 101.13(p)(1) says no such thing. 21 C.F.R. § 101.13(p)(1) provides, "the reference amount customarily consumed set forth in § 101.12(b) through (f) shall be used in determining whether a product meets the criteria for a nutrient content claim." The regulation does not speak to "calculating" serving sizes or nutrient claims; it is for determining whether a product qualifies for a claim like "low calorie." *See, e.g.*, 21 C.F.R. § 101.12(g) ("[t]he reference amounts set forth in paragraphs (b) through (f) of this section shall be used in determining whether a product meets the criteria for nutrient content claims, such as 'low calorie,' and for health claims.").[2] Defendant's broader argument – that "[w]hen the nutrient amount stated is based on this approved serving size, the FDCA does not require any disclosure about the number of units used for the nutrient content claims" and "the FDCA authorizes the claim '4g prebiotic fiber' on its own without such additions" – is unsupported by any applicable regulation. *See* MTD at 22. Nor has Defendant cited any court that has adopted such an interpretation of 21 C.F.R. § 101.13(p)(1). *Id.*

Relevant FDCA regulations provide that labels may only "contain a statement about the amount or percentage of a nutrient if . . . [t]he statement does not in any way implicitly characterize the level of the nutrient in the food and it is not false or misleading in any respect." *See* 21 C.F.R § 101.13(i)(3). Here, Plaintiff alleges that the Products' front label dosage representations lead reasonable consumers to

---

[2] Indeed, "there are no laws or regulations that limit the serving size of a dietary supplement or the amount of a dietary ingredient that can be in a serving of a dietary supplement. This decision is made by the manufacturer and does not require FDA approval." *See* https://www.fda.gov/food/information-consumers-using-dietary-supplements/questions-and-answers-dietary-supplements

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

believe that each gummy or tablet contains the advertised dosage amount, for example, 4 g of prebiotic fiber. *See* Compl., ¶¶ 2. However, "each gummy or tablet contains only a fraction of the advertised dosage..." *Id*., ¶ 3. The Ninth Circuit has found similar representations to be plausibly misleading. *See Walters*, 701 F.App'x at 670; *see also* Section IV(A), *supra*. Because such representations are misleading to reasonable consumers, they are not authorized by the FDCA and violate corresponding state law.[3, 4]

The Ninth Circuit's decisions in *Reid* and *Hawkins* are instructive. There, the Ninth Circuit held that "No Trans Fat" and "0 Trans Fat" front-label claims could mislead reasonable consumers, and therefore were not authorized or preempted by the FDA, despite FDA regulations permitting the same claims in the Nutrition Facts Panel. *See Reid*, 780 F.3d at 962–63 (citing 21 C.F.R. § 101.13(i)(3)); *Hawkins v. Kroger Co.*, 906 F.3d 763, 772 (9th Cir. 2018). As in *Reid* and *Hawkins*, this Court should find that "[b]ecause the FDA regulations do not authorize the contested statement, [Plaintiff's] labeling claims are not preempted." *Hawkins*, 906 F.3d at 771-772; *Reid*, 780 F.3d at 960-63.

---

[3] 21 C.F.R. § 101.12(b) defines the reference amount customarily consumed for dietary supplements as either the maximum amount recommended on the label or, in the absence of such a recommendation, one unit (e.g., tablet, capsule). Because the Products' front labels contain no qualification or serving size recommendation, this regulation further supports Plaintiff's position that reasonable consumers are led to believe the front-label dosage representations apply per unit. *See Swetala*, 2025 WL 950627, at *4-5 (reasonable consumers could be unambiguously led to believe dosage is per gummy "when the front label displays a dosage without specifying if the dosage is per unit or per serving").

[4] The Complaint further illustrates how the challenged dosage representations, without any qualifications, are misleading. For example, both Defendant and the Vitamin Shoppe advertise their probiotic products as providing "2 billion" probiotics. *See* Compl., ¶¶ 15, 29. If reasonable consumers compared the two products, they would be misled into believing that both provide 2 billion probiotics per gummy, when in fact, that is only true for the Vitamin Shoppe product. *See id*.

11

Defendant's cited cases are inapposite. *See* MTD at 23, citing *Pardini v. Unilever United States, Inc.*, 65 F.4th 1081, 1091 (9th Cir. 2023) and *Nacarino v. Kashi Co.*, 77 F.4th 1201, 1204, 1210 (9th Cir. 2023). In *Pardini*, the plaintiffs alleged the serving size information on I Can't Believe It's Not Butter! Spray was misleading where the manufacturer followed FDCA serving size guidelines related to spray products instead of butter products. *See Pardini*, 65 F.4th at 1083. The Court found that because the Butter Spray was a spray product, the serving size information used by the defendant was consistent with FDCA regulations, and therefore was not misleading. *See id*. at 1086-89. In *Nacarino*, the plaintiffs alleged defendant's protein quantity calculated using a nitrogen method misleadingly overstated the true amount of protein. 77 F.4th at 1209. The Court held such claims were preempted because FDCA "regulations specifically allow manufacturers to measure protein quantity using the nitrogen method" and "make a nutrient content claim based on the nitrogen method." *Id*. Neither case supports Defendant's position, as Plaintiff does not challenge how Defendant calculated the Products' serving size or nutrient quantities.

Defendant's argument regarding the safe harbor doctrine fails for the same reasons. *See* MTD at 24. Contrary to Defendant's representation, the FDCA does not "expressly allow[] the Products' front-label nutrient content statements," nor has Defendant pointed to any regulation that does, or any court that has interpreted 21 C.F.R § 101.13(p)(1) in the way urged by Defendant. *Id*.

## C. Plaintiff's Remaining Claims are Adequately Pleaded

### 1. *Plaintiff's Misrepresentation and Express Warranty Claims Are Adequately Pled*

Defendant argues Plaintiff's misrepresentation and express warranty claims fail because she does not plead "that the Products' labeling statements are actually false." MTD at 24-25. Defendant contends, "Ms. Barrales concedes that the Products contain the levels of nutrients advertised." MTD at 25. But that is not so. Plaintiff

12

alleges that while the Products are advertised as providing a specified dosage amount such as "4 g prebiotic fiber," "each gummy or tablet contains only a fraction of the advertised dosage..." Compl., ¶¶ 2-3. "As a result, consumers grossly overpay for the Products, receiving only half of the advertised value while paying the full purchase price." *Id.*, ¶ 3. Other courts have found that allegations involving numerical figures, similar to Plaintiff's dosage representation claims, were sufficient to state misrepresentation and express warranty claims. *See, e.g.*, *Swetala*, 2025 WL 950627, at *6 (denying motion to dismiss negligent and intentional misrepresentation claims where plaintiff challenged front label dosage representations); *Robertson v. Clean Control Corp.*, No. 5:24-cv-01478, 2024 WL 5193852, at *1, 4 (C.D. Cal. Dec. 18, 2024) (denying motion to dismiss express warranty claim in case involving "[m]akes up to 32 gallons" representation where product delivered 32 gallons for only one out of ten advertised uses); *Caldwell v. Nordic Naturals, Inc.*, 709 F.Supp.3d 889, 907 (N.D. Cal. 2024) (plaintiff stated express warranty claim where "the Court has determined that one plausible interpretation of the Ultimate Omega 2X label is that it promises twice the amount of omega as the regular product" and "[e]ven assuming the label could be interpreted differently, at the motion to dismiss phase, the Court must construe the representation in the light most favorable to the Plaintiff.").

Defendant also argues Plaintiff "does not dispute that 'Kids' gummies are, in fact, appropriate for children." MTD at 25. Defendant misapprehends Plaintiff's allegations. Plaintiff alleges the "Kids" representation conveys the Kids product is specially formulated or otherwise uniquely for kids. Compl., ¶ 4. But the Kids product is not uniquely for kids, as it "has the exact same formula and ingredients as the regular New Chapter Organic Fiber Gummies product." *Id.*, ¶ 5. Due to the "Kids" representation, "consumers are induced to purchase two separate products for each demographic…" *Id.*, ¶¶ 4-5. Numerous courts have held similar allegations sufficient to allege negligent misrepresentation and breach of warranty claims. *See,*

*e.g.*, *DiGiacinto*, 668 F. Supp. 3d at 966 (denying motion to dismiss express warranty and misrepresentation claims where plaintiff challenged "Children's" representation); *Goodwin*, 2023 WL 4037175, at *4 (denying motion to dismiss express warranty claim in case involving "Children's" representation); *Seale*, 718 F. Supp. 3d at 1229 (same).

Moreover, courts regularly hold that stating a claim under California consumer protection statutes is sufficient to state a claim for express warranty. *See Andrade-Heymsfield v. NextFoods, Inc.*, No.: 3:21-cv-1446, 2023 WL 2576770, at *4 (S.D. Cal. Mar. 20, 2023) (collecting authority). Here, because Plaintiff has alleged plausible claims under California's consumer protection statutes (*see* Section IV(A), *supra*), she has also stated a plausible claim for breach of express warranty. *See DiGiacinto*, 668 F. Supp. 3d at 965-66; *Robertson*, 2024 WL 5193852, at *4.

Notwithstanding, a final determination as to what statements create express warranties should often not be determined on a motion to dismiss. *See In re Ferrero Litigation*, 794 F. Supp. 2d 1107, 1118 (S.D. Cal. 2011); *Sims v. Campbell Soup Co.*, No. EDCV18668, 2018 WL 7568640, at *9 (C.D. Cal. Sept. 24, 2018) ("Plaintiff has pointed to statements on the V8 Splash labels that she alleges created an express warranty. Whether or not they actually did depend on how they would be interpreted by consumers. The Court concludes that this is a factual question that cannot be determined on a motion to dismiss."); *Allred v. Kellogg Co.*, No. 17-cv-1354-AJB-BLMx, 2018 WL 1158885, at *5 (S.D. Cal. Feb. 23, 2018) (rejecting argument that labeling "contains a factually true statement;" finding "the statement can be misleading based on the assumption of the reader" and "[w]hether the label actually provided [such] a warranty ... [is] not [an] appropriate question[ ] to decide on a dismissal motion.").

### 2. *Plaintiff Adequately Pleads Fraudulent Intent*

The Complaint alleges, "Defendant's deceptive or fraudulent intent is evidenced by motive and opportunity. Defendant knew that consumers would pay

14

more for a product if they believed they were receiving a higher dosage than that of competitors' lawfully labeled products. For that reason, Defendant misrepresented the dosage of its Products so that Defendant could realize greater profits." Compl., ¶ 133. "Defendant also offered a product that was marketed and advertised as specially formulated for kids so Defendant could realize greater profits." Compl., ¶ 134. These allegations are sufficient to allege fraudulent intent. *See, e.g.*, *DiGiacinto*, 668 F. Supp. 3d at 968 (pleading that defendant "intended to induce consumers to purchase the product at a premium price" sufficient to allege intent to defraud); *Swetala*, 2025 WL 950627, at *6 (fraudulent intent adequately pleaded where "Plaintiff plead that each capsule 'contains only a fraction of the advertised dosage' and that 'Defendant knew that consumers would pay more for a product if they believed they were receiving a higher dosage than that of competitors' lawfully labeled products.'").

### 3. *The Economic Loss Doctrine Does Not Bar Plaintiff's Negligent Misrepresentation Claim*

Defendant's position regarding the economic loss doctrine is incorrect. *See* MTD at 25. The economic loss doctrine does not apply to claims of misrepresentation that are grounded in fraud, such as the allegations in Plaintiff's Complaint. The Complaint alleges Plaintiff relied on the Products' front label dosage and "Kids" representations, and she would not have purchased the Products, or would have paid less for them, absent the false and misleading representations. Compl., ¶¶ 33-39. Thus, the purchases were fraudulently induced by Defendant's deceptive advertising. This conduct rises from principles of tort law and amounts to tortious conduct, permitting tort damages. *See DiGiacinto*, 668 F. Supp. 3d at 967 ("[T]he Ninth Circuit has held 'that California law classifies negligent misrepresentation as a species of fraud for which economic loss is recoverable.'") (citing *Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc.*, 315 Fed. App'x. 603, 607 (9th Cir. 2008)); *Hannibal Pictures, Inc. v. Sonja Prods. LLC*, 432 Fed.Appx.

15

700, 701 (9th Cir. 2011) (claim not precluded by economic loss rule where "one party has lied to the other"); *Young v. Neurobrands, LLC*, No. C 18-05907, 2019 WL 13247942, at *6 (N.D. Cal. 2019) ("Because Plaintiffs allege that they were fraudulently induced to purchase the Products, they have stated a claim under tort principles[.]"); *Lemus v. Rite Aid Corp.*, 613 F.Supp.3d 1269, 1282 (C.D. Cal. 2022).

### 4. *Plaintiff's Unjust Enrichment Claim is Not Barred*

Defendant argues Plaintiff's express warranty claim bars her unjust enrichment claim. *See* MTD at 26. "However, 'restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason.'" *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal.App.4th 221, 231 (2014), quoting *McBride v. Boughton*, 123 Cal.App.4th 379, 387 (2004). Here, Plaintiff alleges "Defendant's false and misleading labelling caused Plaintiff and the Class to purchase the Products at a premium." Compl., ¶ 141. As such, Plaintiff's claims grounded in fraud do not bar Plaintiff's unjust enrichment claim. Moreover, courts have permitted alternative theories of recovery to proceed at the motion to dismiss stage. *See, e.g., Crown Cell Inc. v. Ecovacs Robotics, Inc.*, 641 F.Supp.3d 843, 849 (N.D. Cal. 2022) (denying motion to dismiss express warranty and unjust enrichment claims and allowing "this alternative theory of recovery to proceed at this stage."); Fed. R. Civ. P. 8(a)(3) (pleading "may include relief in the alternative or different types of relief").

### 5. *Plaintiff's UCL and Unjust Enrichment Claims Survive*

Defendant argues Plaintiff's UCL and unjust enrichment claims "fail along with her other deficient claims." MTD at 26. Defendant does not specify the claims referred to. *See id*. In any event, for the same reasons discussed above, Plaintiff's UCL and unjust enrichment claims do not fail.

### 6. *Plaintiff's Request for Punitive Damages is Proper*

Defendant argues punitive damages are inappropriate because Plaintiff's allegation that Defendant's senior officers and directors had knowledge of the

16

misleading statements is "conclusory." *See* MTD at 26-27. "As a preliminary matter, federal law determines the pleading standard for plaintiffs' claims, even as they arise out of California substantive law." *Risto v. Screen Actors Guild – American Federation of Television and Radio Artists*, No. 2:18-cv-07241, 2018 WL 7016345, at *11 (C.D. Cal. Nov. 6, 2018). Numerous courts in this district and others have found that, "[p]laintiff only needs to provide notice pleading pursuant to Rule 8(a) with regards to its claim for punitive damages; conclusory pleading is sufficient." *Id*. (citations omitted). Here, Plaintiff has provided an adequate prayer for punitive damages under the FRCP. *See Waddell v. Trek Bicycle Corp.*, No. CV 15–2082, 2016 WL 7507770, at 3 (C.D. Cal. Apr. 7, 2016) (rejecting argument that plaintiff must "identify the name or title of any individual actor;" allegations that relevant actions were taken by Defendant's "officers, director and/or managing agents" "is all that is required at this stage."); *see also Rees V. PNC Bank, N.A.*, 308 F.R.D. 266, 272-75 (N.D. Cal. 2015).

Moreover, "[b]ecause punitive damages are but a remedy, and thus neither constitutes a claim nor pertains to whether any claim has been stated, requests for punitive damages provide no basis for dismissal under Fed.R.Civ.P. 12(b)(6)." *Oppenheimer v. Southwest Airlines Co.*, No. 13-260, 2013 WL 3149483, at *4 (S.D. Cal. June 17, 2013) (citing cases and finding Fed. R. Civ. P. 54 "underscores the impropriety of dismissing requests for punitive damages" as "Rule 54(c) states: 'final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.'"); *Kirchenberg v. Ainsworth, Pet Nutrition, Inc.*, No. 2:20-cv-00690, 2022 WL 172315, at *6 (E.D. Cal. Jan. 19, 2022) (same); *Muldoon v. DePuy Orthopaedics, Inc.*, 2024 WL 3522204, at *15 (N.D. Cal. July 23, 2024) (same); *Gunaji v. State Farm General Insurance Company*, No. EDCV 24-759, 2024 WL 3468838, at *2, fn. 2 (C.D. Cal. June 4, 2024) (same).

**D. Plaintiff Has Article III Standing**

### 1. *Plaintiff Adequately Pleads Injury-in-Fact*

Defendant argues Plaintiff's claims "fail for lack of Article III standing because she does not plead any injury-in-fact." MTD at 27. However, Plaintiff alleges she "paid more for the Products, and would only have been willing to pay less or unwilling to purchase them at all, absent the false and misleading labeling statements complained of herein." Compl., ¶ 39. These allegations are sufficient to allege injury-in-fact. *See, e.g.*, *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3 (9th Cir. 2013).

Defendant's argument that Plaintiff's price premium theory fails because "there is no deception" fails for the same reasons discussed in Section IV(A), *supra*.

### 2. *Plaintiff Has Standing to Sue for Substantially Similar Products*

Defendant argues Plaintiff only has standing to sue over Products she purchased. MTD at 28-29. However, Plaintiff has standing to assert class claims for products she did not purchase so long as the Products and misrepresentations are substantially similar. *See Miller v. Ghiradelli Chocolate Co.*, 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012). Defendant argues the court should reject the "substantial similarity" standard. MTD at 28. However, the "'prevailing view' in the Ninth Circuit is that plaintiffs can bring class claims for products they did not purchase 'as long as the products and alleged misrepresentations are substantially similar.'" *See Cho v. Hyundai Motor Company, Ltd.*, 636 F.Supp.3d 1149, at 1179-80 (C.D. Cal. 2022) (declining to follow *Lorentzen*).

Defendant also argues Plaintiff fails to plead the Products are substantially similar. MTD at 28-29. Not so. Under the "**Substantial Similarity**" heading in the Complaint, Plaintiff alleges that Products "are substantially similar, as they each contain (1) a dosage representation conspicuously and prominently placed on the primary display panel of the Products' front labels, and (2) require consumption of two or more units to obtain the advertised dosage of nutrients or probiotics." *See* Compl., 46. "The misleading advertising on the Products' front labels are all the

18

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
Memorandum of Points and Authorities in Support of Plaintiff's
Opposition to Defendant's Motion to Dismiss Class Action Complaint

same: consumers are led to believe that each gummy or tablet contains the advertised dosage amount; however, the Products only contain half of the amount of nutrients or probiotics advertised." *Id.*, ¶ 47. Courts have consistently held these allegations of substantial similarity are sufficient. *See, e.g.*, *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 2990766 at *13 (N.D. Cal. July 20, 2012) ("[D]ifferent ingredients is not dispositive as Plaintiffs are challenging the same basic mislabeling practice across different product flavors."); *Mollicone v. Universal Handicraft, Inc.*, No. 16-CV-07322, 2017 WL 440257, at *8 (C.D. Cal. Jan. 30, 2017).

Defendant's argument that the Products are not substantially similar because they contain different dosages and ingredients was rejected in *Cimoli*. *See Cimoli*, 546 F.Supp.3d at 907-09. The *Cimoli* court found that 750 mg Vitamin C Gummy and 50 mg Elderberry Juice Concentrate products were substantially similar because despite the different ingredients and dosages (750 mg, 50 mg, vitamin C, elderberry), the alleged injury and misrepresentations – "listing a specific quantity of a specific ingredient without indicating whether the quantity is per gummy or per serving" – were "practically identical." *Id.* Here, too, the Products' ingredients and dosages are immaterial to the substantial similarity inquiry, as each Product lists a specific quantity of a specific ingredient without indicating whether the quantity is per gummy or per serving, and mislead reasonable consumers in the same way. *See* Compl., ¶¶ 2-3, 14-15, 46-47.

### 3. *Plaintiff's Nationwide Class Claims Should Be Addressed at Class Certification*

Defendant argues Plaintiff's claims under other states' laws should be dismissed for lack of standing. MTD at 29-30. Defendant's position is undermined by *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015), which held that "any issues regarding the relationship between the class representative and the passive class members—such as dissimilarity in injuries suffered—are relevant only to class certification, not to standing." *See id.* at 1262 (internal quotation marks omitted).

19

"Stated differently, '[r]epresentative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation.'" *Id*. Here, because Plaintiff has individual standing to bring her claims, the "standing inquiry is concluded." *See Sidhu v. Bayer Healthcare Pharm. Inc*., No. 22-cv-01603, 2023 WL 6541865, at *6-7 (N.D. Cal. Oct. 5, 2023) (denying motion to dismiss nationwide claims).

Further, district courts sitting in diversity "apply the substantive law of the state in which it sits . . ." *Harmsen v. Smith*, 693 F.2d 932, 946–47 (9th Cir. 1982); *In re Hyundai & Kia Fuel Econ. Litig*., 926 F.3d 539, 561 (9th Cir. 2019) ("By default, California courts apply California law…"). Defendant has identified no conflict between California and the laws of other states, and has failed to meet its burden in showing that foreign law is more properly applied. *See id*., at 562, fn.6; *In re Clorox Consumer Litig*., 894 F.Supp.2d 1224, 1237 (N.D. Cal. Aug. 24, 2012) (class action opponent bears "the burden of demonstrating that foreign law, rather than California law, should apply to class claims").

Notwithstanding, Defendants' nationwide class and extraterritoriality arguments are premature, as courts recognize these issues are to be considered "in the context of a class certification motion and not a motion to dismiss." *Fitzhenry-Russell v. Coca-Cola Co*., No. 5:17-cv-00603, 2017 WL 4680073, at *4 (N.D. Cal. Oct. 18, 2017); *see also Plotts v. Am. Honda Motor Co.*, No. CV 22-04529, 2023 WL 4843342, at *13 (C.D. Cal. June 9, 2023) ("whether a plaintiff can bring claims on behalf of unnamed plaintiffs under the laws of states in which the named plaintiff does not reside or was injured is a matter of typicality, adequacy, and predominance under Rule 23, not Article III standing…"); *Battle v. Taylor James, LLC*, 607 F.Supp.3d 1025, 1041 (C.D. Cal. 2022) ("[T]he court agrees with recent Ninth Circuit precedent analyzing this issue at the class certification stage under Rule 23.")

20

(citing *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015) (adopting "the class certification approach"); *Robinson v. Unilever U.S., Inc.*, No. CV 17-3010, 2018 WL 6136139, at *4 (C.D. Cal. June 25, 2018) (rejecting argument that plaintiff lacked standing to assert California law claims on behalf of absent class members outside of California as a question for class certification under *Melendres*); *Vance v. Church & Dwight Co.*, No. 2:22-cv-00044, 2023 WL 2696826, at *6 (E.D. Cal. Mar. 29, 2023) ("the question of whether [plaintiff] can bring claims under the laws of non-California states is better suited for a motion for class certification."); *Yan Mei Zheng-Lawson v. Toyota Motor Corp.*, No. 17-cv-06591, 2018 WL 2298963, at *4 (N.D. Cal. May 21, 2018) ("[T]he Court concludes that it would be premature to address those issues [regarding plaintiffs' standing, and their ability to maintain a nationwide class] at this early stage of the proceedings.").

Here, deferring ruling on class-related issues "[e]arly in the pleadings stage" is prudent because "neither the court nor the litigants are sure yet which facts and legal issues are in dispute." *Precht v. Kia Motors Am., Inc.*, No. SA CV 14-1148, 2014 WL 10988343, at *14 (C.D. Cal. Dec. 29, 2014). The precise scope of the classes and subclasses should be decided at class certification after the development of a factual record in discovery.

**E. Plaintiff's Nationwide Claims Should Not Be Stricken**

Defendant's conclusory argument that "it is apparent from the face of Ms. Barrales's Complaint that she could never represent a nationwide class" (MTD at 30) fails for the same reasons discussed in Section IV(D), *supra*. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 561 (concluding variations in state law did not defeat predominance and finding "a court adjudicating a multistate class action is free to apply the substantive law of a single state to the entire class").

## V.    CONCLUSION

Defendant's motion to dismiss should be denied. If the Court dismisses any portion of the Complaint, Plaintiff respectfully requests leave to amend. *Eminence*

21

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

*Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003).

Dated: April 24, 2025                    CROSNER LEGAL, P.C.

By:        */s/ Lilach H. Klein*
                    Lilach H. Klein

9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
lilach@crosnerlegal.com
*Attorneys for Plaintiff and the Proposed Class*

22

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief contains 6,998 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 24, 2025                    */s/ Lilach H. Klein*
                                         Lilach H. Klein
                                         ***Attorney for Plaintiff and the Proposed Class***

1