**CROSNER LEGAL, P.C.**
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
***Attorneys for Plaintiff and the Proposed Classes***

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINAMARIE BARRALES, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NEW CHAPTER, INC.,<br><br>　　　　　　　Defendant. | Case No.: 2:25-cv-01171-HDV-KES<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL RULE 26(F) CONFERENCE**<br><br>Date:　June 12, 2025<br>Time:　10:00 a.m.<br>Ctrm:　5B<br>Judge: Hon. Hernán D. Vera<br><br>Action Filed: February 11, 2025<br>Trial Date: None Set |

i

## **NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on June 12, 2025, at 10:00 a.m. in Courtroom 5B of the United States District Court, Central District of California, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiff Tinamarie Barrales will and hereby does move for an order compelling Defendant New Chapter, Inc. to comply with all aspects of Federal Rule of Civil Procedure 26, including but not limited to scheduling and participating in the discovery conference required by Federal Rule of Civil Procedure 26(f).

    Plaintiff's Motion is made following conference of counsel pursuant to Local Rule 7-3, which occurred on May 6, 2025.

Dated: May 15, 2025                            Crosner Legal, P.C.

                                              By: */s/ Lilach H. Klein*
                                                   Lilach H. Klein

                                              9440 Santa Monica Blvd. Suite 301
                                              Beverly Hills, CA 90210
                                              Tel: (866) 276-7637
                                              Fax: (310) 510-6429
                                              lilach@crosnerlegal.com
                                              *Attorneys for Plaintiff and the Proposed Class*

## I.  INTRODUCTION

In this Motion, Plaintiff Tinamarie Barrales ("Plaintiff"), asks the Court to issue an order to compel Defendant New Chapter, Inc. ("Defendant") to hold a conference pursuant to Federal Rule of Civil Procedure 26(f), and to comply promptly with all aspects of Rule 26 including, but not limited to, scheduling and participating in the discovery conference required by the Rules.

Plaintiff filed a class action complaint on February 11, 2025, alleging on behalf of herself and all others similarly situated that Defendant's New Chapter dietary supplements ("Products") are deceptive. Specifically, the dosage representations made on the Products' front labels are misleading because they lead reasonable consumers to believe each unit in the Products contains the advertised dosage amount, when in fact, each unit contains only a fraction of the dosage advertised. Additionally, the "Kids" representation on the New Chapter Kids Organic Fiber Gummies product misleadingly leads reasonable consumers to believe the product is uniquely suitable for kids, despite having the exact same formula and ingredients as the regular New Chapter Organic Fiber Gummies product. Plaintiff seeks damages, injunctive and equitable relief, attorneys' fees, costs and other appropriate relief.

On April 25, 2025, Plaintiff requested a Rule 26 conference, but to date, Defendant has refused to confer pursuant to Rule 26(f). Defendant's refusal to meet and confer pursuant to Rule 26(f) is contrary to its Rule 26 obligations, which requires the parties to confer "as soon as practicable." Fed. R. Civ. P. 26(f)(1). Defendant's refusal has the effect of stalling and delaying prosecution of this case and, in effect, imposing a unilateral stay on all discovery, without making the showing that would be required by a motion for a stay. Plaintiff seeks to enforce the clear mandate of Rule 26(f) requiring that the conference take place "as soon as practicable" and to comply with this Court's Standing Order requiring that counsel in putative class actions "begin discovery immediately so that the motion for class

1

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
NOTICE OF MOTION AND MOTION TO COMPEL RULE 26(F) CONFERENCE

certification can be filed expeditiously." Dkt. No. 9 at p. 9.

## II. BACKGROUND

"Defendant makes, distributes, sells, and markets a wide variety of dietary supplements under the brand name New Chapter." Dkt. No. 1 ("Compl."), ¶ 1. The products at issue include (1) New Chapter All-Flora Probiotic + Prebiotic Gummies, (2) New Chapter Organic Fiber Gummies, (3) New Chapter Kids Organic Fiber Gummies, (4) New Chapter Cellular Energy Vitamin B12+ Gummies, and (5) New Chapter Berberine 1,000 mg Tablets. *Id.*

Plaintiff alleges the Products' front labels make false and misleading dosage representations, such as "4 g Prebiotic Fiber." Compl., ¶¶ 1-3, 14-15. "Reasonable consumers are led to believe that each gummy or tablet contains the advertised dosage amount." *Id.*, ¶ 2. "The truth, however, is that each gummy does not contain the advertised dosage amount. Instead, each gummy or tablet contains only a fraction of the advertised dosage and consumers must ingest two or more gummies to achieve the advertised dosage." *Id.*, ¶ 3. "As a result, consumers grossly overpay for the Products, receiving only half of the advertised value while paying the full purchase price." *Id.* Additionally, Defendant markets two separate organic fiber gummy products: one advertised for adults and one specifically for "Kids." *Id.*, ¶ 4. Defendant's "Kids" representation leads reasonable consumers to believe the Kids product is specially or uniquely suitable for kids. *Id.*, ¶¶ 4-5. "The truth, however, is that the Kids Organic Fiber Gummies product has the exact same formula and ingredients as the regular Organic Fiber Gummies product." *Id.* "[C]onsumers are induced to purchase two separate products for each demographic" and "are being deceived and overcharged." *Id.*

Plaintiff "purchased the New Chapter Organic Fiber Gummies and New Chapter Kids Organic Fiber Gummies products at retail stores in L.A. County in or around 2024 in reliance on the Products' front label advertising." Compl., ¶ 32. "In deciding to purchase the Products, Plaintiff read and relied on the dosage

2

information displayed on the front labels" and "on the Product's claims that the Product was uniquely for "kids." *Id.*, ¶¶ 33, 35. At the time of purchase, Plaintiff did not know that the Products' front labels were false and misleading, and would not have purchased the Products, or would not have paid as much as she had for them, had she known these facts. *Id.*, ¶¶ 34-35.

Plaintiff brings this action on behalf of a nationwide class and California subclass, alleging violations of California's Consumers Legal Remedies Act ("CLRA"), California's Unfair Competition Law ("UCL"), California's False Advertising Law ("FAL"), and breaches of express and implied warranties, negligent and intentional misrepresentation, and quasi contract/unjust enrichment. *Id.*, ¶¶ 69-144.

### III.   ARGUMENT

**A. Defendant is in Violation of the Express Terms of Rule 26 and this Court's Standing Order**

On April 25, 2025, Plaintiff's counsel contacted Defendant's counsel to request Defendant's availability to schedule the required Rule 26(f) discovery conference by April 30, 2025. *See* Declaration of Lilach Klein, filed concurrently herewith ("Klein Decl."), at ¶ 2 & Ex. 1. After receiving no response, Plaintiff's counsel followed up on April 29, 2025. *Id.* Later that day, Defendant's counsel responded, "The Court has not yet set a scheduling conference, so there is no deadline yet to meet and confer pursuant to Rule 26(f). If you disagree, please provide your basis." *Id.* That same day, Plaintiff's counsel explained, "Pursuant to FRCP 26(f), the parties are required to meet and confer at least 21 days before a scheduling order is due under Rule 16(b). Under Rule 16(b), a scheduling order is due by May 21, 2025 (90 days after Defendant was served). As such, we calculate the Rule 26(f) meet and confer deadline as April 30, 2025." *Id.* Defendant then responded that it believed there was no obligation to meet and confer under Rule 26(f) until the Court issued an order setting a scheduling conference. *Id.*

3

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
NOTICE OF MOTION AND MOTION TO COMPEL RULE 26(F) CONFERENCE

Plaintiff's counsel explained that, regardless of the April 30 deadline, Rule 26(f) requires the parties to confer "as soon as practicable" and again requested Defendant's availability. *Id*. Plaintiff also informed Defendant's counsel that if they refused to participate in a Rule 26(f) conference, Plaintiff would file a motion to compel compliance with the Rule. *Id*. On April 30, 2025 and again on May 5, 2025, Defendant's counsel confirmed that it would not participate in a Rule 26(f) conference. *Id*.

On May 6, 2025, counsel for the parties participated in a telephonic meet and confer conference to discuss Plaintiff's motion to compel Defendant's compliance with Rule 26. Klein Decl. ¶ 3. Plaintiff's counsel explained that the text of Rule 26(f) required setting the conference "as soon as practicable," the Court's Standing Order requires the parties to begin discovery immediately, and Defendant's refusal to participate in a Rule 26(f) conference at this time was improper. *Id*.

The Rule 26 provision regarding timing of the discovery conference requires that "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). As a scheduling conference has not yet been scheduled, under the applicable rules the discovery conference in this case must be held "as soon as practicable" but in no event later than April 30, 2025. *See* Fed. R. Civ. P. 26(f)(1), 16(b)(2). Rule 16(b)(2) requires issuance of a scheduling order as "soon as practicable" and unless there is good cause for delay, "the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." As service was made on February 20, 2025 (*see* Dkt. No. 10), a scheduling order is due within 90 days, or May 21, 2025. *Id*. Rule 26(f)(1) requires that the discovery conference be held "at least 21 days earlier" which would be no later than April 30, 2025. Fed. R. Civ. P. 26(f)(1). Defendant has refused to participate in a Rule 26(f) discovery conference in the time frame required by the applicable Federal Rules or any proposed date whatsoever.

4

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
NOTICE OF MOTION AND MOTION TO COMPEL RULE 26(F) CONFERENCE

      Moreover, Rule 26(f)(1) expressly states that "the parties must confer as soon as practicable" to assure "that the commencement of discovery is not delayed unduly…" Fed. R. Civ. P. 26, 1993 Advisory Comm. Notes. "The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case." *Id*. Additionally, this Court's Standing Order requires that "[c]ounsel in putative class actions . . . begin discovery immediately so that the motion for class certification can be filed expeditiously." Dkt. No. 9 at p. 9. Defendant is in violation of the Federal Rules of Civil Procedure and this Court's Standing Order.

      Defendant's refusal to participate in a Rule 26(f) discovery conference, or even provide a proposed date for such a conference, is in clear violation of the express requirements of the Federal Rules and this Court's Standing Order. Defendant's actions, or perhaps more accurately refusal to act, have improperly imposed a stay on this litigation and precluded Plaintiff from moving forward with discovery and the prosecution of this matter. Defendant's refusal to comply with the Rules, thereby requiring Plaintiff to file a noticed motion and seek an order from this Court, has foreclosed any possibility that the parties will be able to hold the discovery conference on or before April 30, 2025, as required by applicable Federal Rules. Consequently, Defendant's actions have already resulted in what appears to now be an inevitable violation of the Federal Rules and significant delay to Plaintiff and her ability to prosecute this action.

      Thus, Plaintiff requests that the Court order a Rule 26(f) conference to occur within 4 business days and that Defendant fulfill all its obligations pursuant to Rule 26.

### IV.   <u>CONCLUSION</u>

      For the above-stated reasons, Plaintiff respectfully requests that the Court adopt the Proposed Order requiring Defendant to conduct the Rule 26(f) conference

5

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
NOTICE OF MOTION AND MOTION TO COMPEL RULE 26(F) CONFERENCE

1 | within 4 business days of the Court's order.

Dated: May 15, 2025                    CROSNER LEGAL, P.C.

                                       By:     /s/ Lilach H. Klein
                                                Lilach H. Klein

                                       9440 Santa Monica Blvd. Suite 301
                                       Beverly Hills, CA 90210
                                       Tel: (866) 276-7637
                                       Fax: (310) 510-6429
                                       lilach@crosnerlegal.com
                                       *Attorneys for Plaintiff and the Proposed Class*

6

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
NOTICE OF MOTION AND MOTION TO COMPEL RULE 26(F) CONFERENCE

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief contains 1,673 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 15, 2025

/s/ Lilach H. Klein
Lilach H. Klein
**Attorney for Plaintiff and the Proposed Class**

1

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
NOTICE OF MOTION AND MOTION TO COMPEL RULE 26(F) CONFERENCE