DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
Daniel H. Leigh (SBN 310673)
  *danielleigh@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
NEW CHAPTER, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINAMARIE BARRALES,<br><br>        Plaintiff,<br><br>    vs.<br><br>NEW CHAPTER, INC.,<br><br>        Defendant. | Case No. 2:25-cv-01171-HDV-E<br><br>**DEFENDANT NEW CHAPTER INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RULE 26(F) CONFERENCE**<br><br>Assigned to the Hon. Hernán D. Vera<br><br>Date:         June 12, 2025<br>Time:        10:00 a.m.<br>Ctrm:        5B<br><br>Action Filed: February 11, 2025<br>Trial Date:   None Set |

OPP. TO MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION & SUMMARY OF ARGUMENT .................................... 1

II. PROCEDURAL HISTORY ......................................................................... 2

III. THE COURT SHOULD DENY THE MOTION TO COMPEL. ................... 3

    A. No Rule or Order Requires a Rule 26(f) Conference at This Stage. ................................................................................................. 3

    B. An Early Rule 26(f) Conference Is Not Practicable. ........................... 5

    C. Plaintiff's Request to Compel Compliance with "All Aspects of Rule 26" Is Improper. ............................................................................ 9

IV. CONCLUSION ............................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 5

*Gonzales v. Univ. of California, Irvine*,
  2023 WL 9420121 (C.D. Cal. Dec. 27, 2023) ............................................. 1, 4, 5

*Halajian v. Yost*,
  2024 WL 5169837 (E.D. Cal. Dec. 19, 2024) ............................................. 2, 4, 5

*Hedrington v. United States*,
  2024 WL 3889625 (E.D. Cal. Aug. 20, 2024) ............................................. 2, 5, 7

*Jones v. Micron Tech. Inc.*,
  2019 WL 5406824 (N.D. Cal. Oct. 23, 2019) ............................................. 2, 5, 6

*Mintz v. Nw. Mut. Life Ins. Co.*,
  2024 WL 5424126 (C.D. Cal. Nov. 18, 2024) .................................................. 1, 4

*In re Morning Song Bird Food Litig.*,
  2013 WL 12143947 (S.D. Cal. Jan. 25, 2013), *objections overruled*,
  2013 WL 12143948 (S.D. Cal. Apr. 3, 2013) ..................................................... 7

*Vineyard Investigations v. E. & J. Gallo Winery*,
  2020 WL 7342632 (E.D. Cal. Dec. 14, 2020) .................................................... 5

*Yagman v. Garcetti*,
  2020 WL 8125658 (C.D. Cal. Sept. 3, 2020) ................................................. 1, 6

*Zavala v. Kruse-W., Inc.*,
  2019 WL 3219254 (E.D. Cal. July 17, 2019) ................................................. 5, 6

**Rules**

Federal Rules of Civil Procedure
  1 ............................................................................................................................ 2
  16 .................................................................................................................. *passim*
  23 ............................................................................................................................ 8
  26 .................................................................................................................. *passim*

Case 2:25-cv-01171-HDV-E   Document 24   Filed 05/22/25   Page 4 of 14   Page ID #:205

Civil Local Rules
   16-15.2 ...................................................................................................................7
   26-1 .......................................................................................................................7
   7-3 ........................................................................................................................9

## I.   INTRODUCTION & SUMMARY OF ARGUMENT

At this premature juncture—before the pleadings have been settled or the Court has set a scheduling conference—a Rule 26(f) conference is neither practicable nor required. Rule 26(f) requires that the parties confer "at least 21 days before [1] a scheduling conference is to be held ***or*** [2] a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1) (emphasis added). The Rule is phrased in the alternative—it does not specify the earlier of either occurrence—and, in any event, neither condition has been met. The Court's Civil Standing Order confirms this reading of Rule 26(f): It specifies that the Court will issue an Order Setting a Scheduling Conference and that the parties must confer pursuant to Rule 26(f) at least twenty-one days before the Scheduling Conference. Civil Standing Order § V. Standard practice in this District is in accord. *See Mintz v. Nw. Mut. Life Ins. Co.*, 2024 WL 5424126, at *2 (C.D. Cal. Nov. 18, 2024) ("[T]he discovery process generally commences once the Court issues an order setting a scheduling conference."); *Gonzales v. Univ. of California, Irvine*, 2023 WL 9420121, at *1 (C.D. Cal. Dec. 27, 2023) ("The parties' Rule 26(f) conference . . . must take place no later than 21 days before the Scheduling Conference.").

Conferring pursuant to Rule 26(f) at this stage of the case is also not practicable. A premature Rule 26(f) conference—which would lead to premature discovery before the contours of Plaintiff's claims are clear—serves no purpose other than increasing litigation costs. Courts have been clear that a Rule 26(f) conference is not practicable while a motion to dismiss is pending. *See Yagman v. Garcetti*, 2020 WL 8125658, at *1 (C.D. Cal. Sept. 3, 2020) (agreeing that "it is not practicable yet to hold a Rule 26(f)(1) conference" where, as here, a pending motion to dismiss "potentially will alter the landscape of this case significantly as to claims, defenses and jurisdiction"); *see also, e.g.*, *Mintz*, 2024 WL 5424126, at *2 (discovery premature where the court had "yet to issue an order setting the scheduling conference," which it would not do until "Plaintiff amends her

complaint"); *Halajian v. Yost*, 2024 WL 5169837, at *2 (E.D. Cal. Dec. 19, 2024) ("This Court and others within the Ninth Circuit have declined to require participation in a Rule 26(f) conference where it is not 'practicable,' given the stage of the proceedings."); *Jones v. Micron Tech. Inc.*, 2019 WL 5406824, at *2 (N.D. Cal. Oct. 23, 2019) (declining to compel Rule 26(f) conference because "even if the general subject matter of the cases is known, the pleadings and scope of the specific claims are not settled, making it premature to make disclosures and discuss a discovery plan"). Simply put, "compelling Defendant to participate in a Rule 26(f) conference while its motion to dismiss is pending is not practicable." *Hedrington v. United States*, 2024 WL 3889625, at *2 (E.D. Cal. Aug. 20, 2024). Plaintiff offers no reason to deviate from this authority.

The Federal Rules of Civil Procedure require a "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Plaintiff's attempt to force a premature Rule 26(f) conference before the Court resolves New Chapter's Motion to Dismiss serves none of these goals. The Court should deny Plaintiff's Motion to Compel.

## II.    PROCEDURAL HISTORY

This case is in its infancy. Plaintiff filed her Complaint on February 11, 2025 (ECF No. 1), and New Chapter moved to dismiss Plaintiff's Complaint on April 11, 2025 (ECF No. 15). The Court heard New Chapter's Motion on May 15, 2025. (*See* ECF No. 21.) New Chapter's Motion to Dismiss is pending.

New Chapter's Motion to Dismiss has the potential to shape this case significantly. New Chapter's Motion would be dispositive if granted in full. (*See* ECF No. 15.) Even if granted in part, New Chapter's Motion to Dismiss would shift the subject matter of the case. For example, New Chapter argues that neither set of labels that Plaintiff complains of are deceptive, and the set of product labels at issue in this case will change if New Chapter succeeds on either argument. (*Id.* at pp. 6–11.) Similarly, New Chapter argues that federal law expressly preempts

OPP. TO MOTION TO COMPEL                        2

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's theory of consumer deception as to one set of product labels (*id*. at pp. 11–15), that Plaintiff lacks standing to bring claims regarding products she did not purchase or to represent a nationwide class (*id*. at pp. 19–21), and that numerous of Plaintiff's claims fail for independent claim-specific reasons (*id*. at pp. 15–18). Any one of these arguments has the potential to alter the set of product labels at issue or Plaintiff's causes of action.

### III. THE COURT SHOULD DENY THE MOTION TO COMPEL.

The Court should deny Plaintiff's Motion to Compel because no scheduling conference has been set and no Rule 26(f) conference is practicable until the pleadings are of such a state as to allow the parties to substantively discuss the Rule 26(f) topics. *First*, the Federal Rules of Civil Procedure, this Court's Civil Standing Order, and Central District local practice do not require a premature Rule 26(f) conference at this juncture; and, *second*, an overwhelming number of courts conclude that no Rule 26(f) conference is practicable where, as here, the pleadings that establish the boundaries of a case are in flux.

#### A. No Rule or Order Requires a Rule 26(f) Conference at This Stage.

The Federal Rules of Civil Procedure, the Court's Civil Standing Order, and Central District practice all confirm that a Rule 26(f) conference is premature at this stage of the case.

**Federal Rule of Civil Procedure 26(f).** Plaintiff is wrong that the Federal Rules of Civil Procedure require the parties to conduct a Rule 26(f) conference at this juncture. (*See* Mot. 4.) A Rule 26(f) conference must be held "at least 21 days before [1] a scheduling conference is to be held **_or_** [2] a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1) (emphasis added). As noted above, the Rule is phrased in the alternative—it does not specify the earlier of either occurrence—and, in any event, neither condition has been met. *First*, the Court's Civil Standing Order specifies that the Court will proceed along the scheduling conference prong of Rule 26(f), *see* Civil Standing Order § V, and here the Court

OPP. TO MOTION TO COMPEL

3

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

has not yet set a scheduling conference.  And, *second*, in any case, no scheduling order is due because Rule 16(b) requires a scheduling order "as soon as practicable" and vests the Court with broad discretion regarding the timing of a scheduling order.  *See* Fed. R. Civ. P. 16(b)(2) (district judge may continue presumptive deadlines); *Halajian*, 2024 WL 5169837, at *2 (denying request to compel Rule 26(f) conference and noting "[t]he Court is vested with broad discretion to manage the process of discovery and to control the course of litigation . . . .").  The Rules thus do not require a Rule 26(f) conference now, and the parties' deadline for a Rule 26(f) conference has not passed.

**The Court's Civil Standing Order.**  The Court's Civil Standing Order—which is fully consistent with Rule 16 and Rule 26—confirms this interpretation of Rule 26(f).  Under the Civil Standing Order, "[p]ursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the Court will issue an Order Setting a Scheduling Conference."  Civil Standing Order § V.  The Court's Order Setting a Scheduling Conference then triggers parties' Rule 26(f) conference obligation—counsel "shall meet ***no later than twenty-one (21) days prior to the court-ordered Scheduling Conference*** pursuant to Federal Rule of Civil Procedure 26(f) . . . ."  *Id.* (emphasis added).  As noted above, the Court has not yet set a scheduling conference, and therefore the parties' deadline to hold a Rule 26(f) conference has not been triggered.

**Central District Practice.**  Local practice in this District is in accord with this Court's Civil Standing Order and Rule 26(f).  In this District, "the discovery process generally commences once the Court issues an order setting a scheduling conference."  *Mintz*, 2024 WL 5424126, at *2.  "The parties' Rule 26(f) conference, in turn, must take place no later than 21 days before the Scheduling Conference."  *Gonzales*, 2023 WL 9420121, at *1.  Confirming this local practice, courts in this District routinely decline to set scheduling conferences—which would trigger discovery—until the pleadings are set.  *E.g.*, *Mintz*, 2024 WL 5424126, at *2 ("The

Court will not issue an order setting a scheduling conference in this matter until Plaintiff amends her complaint . . . . That is because a plaintiff must state a plausible claim for relief to 'unlock the doors of discovery.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Indeed, it would be "unusual" in this District to hold a Rule 26(f) conference before the pleadings are settled. *See Gonzales*, 2023 WL 9420121, at *1 ("While it is unclear if the parties have conducted a Rule 26(f) conference, doing so before any defendants have answered would be unusual.").

Numerous courts agree with the Court's Civil Standing Order and Central District local practice, and Plaintiff cites no cases to the contrary (or any cases at all). *See, e.g.*, *Halajian*, 2024 WL 5169837, at *2 (declining to compel Rule 26(f) conference); *Jones*, 2019 WL 5406824, at *2 (same); *Zavala v. Kruse-W., Inc.*, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019) (Rule 26(f) conference premature because "[u]ntil the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear").[1]

### B. An Early Rule 26(f) Conference Is Not Practicable.

Because Rules 16 and 26 do not require Plaintiff and New Chapter to open discovery at this early stage of the case, Plaintiff relies on Rule 26(f)'s statement that a conference must occur "as soon as practicable." (Mot. 1, quoting Fed. R. Civ. P 26(f)(1).) But numerous authorities establish that no Rule 26(f) conference is practicable where, as here, the pleadings are contested and there are no pending deadlines. *See, e.g.*, *Halajian*, 2024 WL 5169837, at *2; *Hedrington*, 2024 WL 3889625, at *2 ("[C]ompelling Defendant to participate in a Rule 26(f) conference while its motion to dismiss is pending is not practicable."); *Vineyard Investigations v. E. & J. Gallo Winery*, 2020 WL 7342632, at *2 (E.D. Cal. Dec. 14, 2020) ("[T]he Court concludes that compelling Defendant to participate in a Rule 26(f) conference

---

[1] Plaintiff is also incorrect that New Chapter is "imposing a unilateral stay on all discovery." (Mot. 1.) "Discovery cannot be stayed until it is opened." *Zavala*, 2019 WL 3219254, at *3. Here, discovery is not yet open.

while its motion to dismiss is pending is not practicable."); *Jones*, 2019 WL 5406824, at *2 ("The Court finds that a Rule 26(f) conference is premature, particularly when the presiding judge will be setting briefing deadlines 'on the expected motions to dismiss in the IP and DP cases.'"); *Zavala*, 2019 WL 3219254, at *2 ("It is equally not 'practicable' to order Defendants to participate in a Rule 26(f) conference at this stage of the proceedings. Defendants' motion [to dismiss] challenges the sufficiency of the complaint and may result in changes to the operative pleading."); *see also Yagman*, 2020 WL 8125658, at *1 (discovery premature where the "pending Motion to Dismiss the First Amended Complaint potentially will alter the landscape of this case significantly as to claims, defenses and jurisdiction"). Plaintiff again cites no authority to the contrary.

Cogent reasoning supports this consistent line of authority. The parties' Rule 26(f) conference will open discovery in this case—but it would be impracticable and wasteful to open discovery when it is unclear which product labels are in this case or which causes of action Plaintiff has.

It would, moreover, be impossible for the parties to comply diligently with the requirements for a Rule 26(f) conference and discovery plan at this stage of the case. *See* Civil Standing Order § VII (requiring joint Rule 26(f) report). Rule 26(f) and this District's Local Rules require discussing—and producing a discovery plan that includes—*inter alia*:

- **Discovery topics.** The parties must discuss "the subjects on which discovery may be needed" and the timing and phasing of discovery. Fed. R. Civ. P. 26(f)(3)(B). It is impracticable to discuss the subjects on which discovery will be needed when the product labels at issue and Plaintiff's causes of action are in flux.

- **Claims and defenses.** The parties must also discuss "the nature and basis of their claims and defenses." Fed. R. Civ. P. 26(f)(2). It is impracticable to discuss Plaintiff's claims and New Chapter's defenses when the scope and nature of Plaintiff's claims—and therefore New Chapter's defenses—remain uncertain.

OPP. TO MOTION TO COMPEL

6

- **Potential settlement and ADR.** The parties must also discuss "the possibilities for promptly settling or resolving the case," Fed. R. Civ. P. 26(f)(2), along with potential ADR procedures, Civil L.R. 16-15.2, 26-1(c). But assessing the possibility of settlement and which ADR procedure would be most productive is impracticable when the scope of New Chapter's potential liability in this case may change.

Numerous other Rule 26(f) topics are also difficult to discuss productively where, as here, the pleadings are flux. Plaintiff's claims control the scope of discovery, and therefore changes in the scope of Plaintiff's claims may affect, for example, issues regarding "disclosure, discovery, or preservation of electronically stored information," Fed. R. Civ. P. 26(f)(3)(C); issues regarding "the timing, form, or requirement for disclosures under Rule 26(a)," Fed. R. Civ. P. 26(f)(3)(A); possible "changes . . . [to] the limitations on discovery," Fed. R. Civ. P. 26(f)(3)(E); the necessity for any protective orders, Fed. R. Civ. P. 26(c), (f)(3)(F); and the case schedule, Fed. R. Civ. P. 16(b), 26(f)(3)(F), including trial time, motion schedule, and timing for expert witness disclosures, Civil L.R. 26-1(b), (d), (f).

It is not practicable to discuss any of those topics—much less to draft a comprehensive Rule 26(f) report—when the nature of Plaintiff's claims is in flux. The Court's ruling on New Chapter's pending Motion to Dismiss will "define the scope of discovery, if any," making it inefficient and impracticable for the parties to engage in Rule 26(f) conference at this stage. *Hedrington*, 2024 WL 3889625, at *2. "Where, as in this case, the operative complaint is challenged by motion practice, delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources." *In re Morning Song Bird Food Litig.*, 2013 WL 12143947, at *3 (S.D. Cal. Jan. 25, 2013), *objections overruled*, 2013 WL 12143948 (S.D. Cal. Apr. 3, 2013).

      Plaintiff fails to rebut (or even discuss) the overwhelming authority holding that a Rule 26(f) conference is impracticable at this time or the current impracticability of a substantive discussion on Rule 26(f) topics.  She instead relies on a statement from the Court's Civil Standing Order that putative class action litigants should "begin discovery immediately so that the motion for class certification can be filed expeditiously."  Mot. 1–2, 5; Civil Standing Order § X.D.  But New Chapter does not understand the Court's Civil Standing Order to require inefficient and impracticable litigation before the scope of the pleadings is set, particularly given the Court's clear directive that it will set a scheduling conference and that the scheduling conference triggers the parties' Rule 26(f) conference deadline.  *See* Civil Standing Order § V.  Indeed, under the Federal Rules of Civil Procedure, a class certification decision is required only at "an early *practicable* time," Fed. R. Civ. P. 23(c)(1)(a) (emphasis added), and the commentary recognizes that "[t]ime may be needed to gather information necessary to make the certification decision," and there are "many valid reasons that may justify deferring the initial certification decision" including first seeking "dismissal," *Cmt. to 2003 Amendment*, Fed. R. Civ. P. 23.

      Nor does Plaintiff provide any reason to force a Rule 26(f) conference now.  The Court has not issued any deadlines, and Plaintiff identifies no urgency, undue prejudice, or need for a premature Rule 26(f) conference.  To the contrary, holding the Rule 26(f) conference and opening discovery at this early stage, even though such discovery may be mooted in part or entirely by New Chapter's Motion to Dismiss, risks wasting the parties' and the Court's resources.  Plaintiff presents no reason to deviate from the Federal Rules of Civil Procedure, the Court's Civil Standing Order, local practice, or the numerous cases cited in this brief—all of which establish the Rule 26(f) conference should not be held until after the Court resolves New Chapter's challenge to the pleadings.

OPP. TO MOTION TO COMPEL

8

### C. Plaintiff's Request to Compel Compliance with "All Aspects of Rule 26" Is Improper.

Plaintiff also repeatedly asks the Court to order New Chapter to comply with "all aspects of Rule 26." (Mot. 1; *id.* at 5 (requesting that New Chapter be ordered to "fulfill all its obligations pursuant to Rule 26"); Notice of Motion (requesting order requiring compliance with "all aspects of Federal Rule of Civil Procedure 26").) This request is overly broad, impermissibly vague, and has nothing to do with any discussion the parties have had to date. New Chapter will, of course, comply with all applicable Rule 26 requirements. The *only* dispute pertaining to Rule 16, Rule 26, or discovery that the parties have discussed is Plaintiff's request for a premature Rule 26(f) conference. (Declaration of Daniel H. Leigh ¶ 2.) New Chapter is unaware of any other procedural or discovery disputes. To the extent Plaintiff believes additional disputes exist, Plaintiff must bring them to New Chapter's attention so that the parties can attempt to resolve them. *See* Civil L.R. 7-3; Civil Standing Order § IX.A. Absent a proper meet and confer process, Plaintiff's request for an order covering "all aspects of Rule 26" is premature and should be struck.

## IV. CONCLUSION

For the foregoing reasons, New Chapter requests that the Court deny Plaintiff's Motion to Compel.

Dated: May 22, 2025

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Heather F. Canner
Daniel H. Leigh

By: */s/ Jacob M. Harper*
    Jacob M. Harper

*Attorneys for Defendant*
NEW CHAPTER, INC.

9
OPP. TO MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## Certificate of Compliance

The undersigned, counsel of record for Defendant New Chapter, Inc. certifies that this brief contains 2,980 words, which complies with the word limit of L.R. 11-6.1.

 */s/ Jacob M. Harper*
 Jacob M. Harper

OPP. TO MOTION TO COMPEL    10

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899