**CROSNER LEGAL, P.C.**
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
***Attorneys for Plaintiff and the Proposed Classes***

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINAMARIE BARRALES, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>NEW CHAPTER, INC.,<br><br>　　　　　　Defendant. | Case No.: 2:25-cv-01171-HDV-KES<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL RULE 26(F) CONFERENCE**<br><br>Date:　June 12, 2025<br>Time:　10:00 a.m.<br>Ctrm:　5B<br>Judge: Hon. Hernán D. Vera<br><br>Action Filed: February 11, 2025<br>Trial Date: None Set |

i

I. **INTRODUCTION**

In its Opposition, Defendant fails to provide any valid reason for delaying the Rule 26 conference beyond the requirements of the Federal Rules of Civil Procedure and this Court's Standing Order, which directs the parties to "begin discovery immediately." *See* Dkt. No. 24 ("Opp."); *see also* Dkt. No. 9 at p. 9 ("Standing Order"). The Rule 26 process is not complex and will mirror the many cases experienced counsel on both sides of this case have handled. Yet, Defendant refuses to schedule and participate in the Rule 26(f) discovery conference, claiming it is not "practicable" to do so while its Rule 12 motion to dismiss is pending. This position is contrary to both the letter and the spirit of the Federal Rules. The Advisory Committee Notes to Rule 26(f) direct that the conference occur "early in the case" to ensure that "the commencement of discovery is not delayed unduly," and this obligation extends even to "*defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case.*" *See* Fed. R. Civ. P. 26(f); 26(f) advisory committee's note (1993 Amendment) (emphasis added). The clear intent of Rule 26(f) is to actively manage actions based on the date of filing and service, not on when the pleadings are at issue.

By refusing to participate in a Rule 26(f) conference, Defendant has effectively imposed a unilateral stay of discovery without court approval. However, case law is clear that the mere filing of a motion to dismiss does not stay discovery. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Additionally, Defendant's argument that its motion to dismiss "would be dispositive if granted in full" is disingenuous given the Court's comments at the May 15, 2025 hearing that Defendant's arguments were "hard to accept." Plaintiff respectfully requests that the Court compel Defendant to comply with Rule 26(f).

II. **ARGUMENT**

**A. The Federal Rules of Civil Procedure and Advisory Committee Notes Warrant an Order Compelling a Rule 26(f) Conference**

1

The timing of the required discovery conference between the parties is expressly set forth in the Federal Rules:

> Conference Timing. Except in a proceeding exempted from initial disclosure under 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable – and in any event *at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)*.

Fed. R. Civ. P. 26(f)(1) (emphasis added).

A scheduling order is directed under Rule 16(b)(2) to be issued absent good cause for delay within 60 days after any defendant has appeared or 90 days after the defendant has been served, *whichever is earlier*. This means that under the Rules, Defendant should have planned to participate in the Rule 26(f) discovery conference by April 30, 2025. The clear intent of the timing requirements of Rules 16 and 26 is for the parties to participate in an early discovery conference "as soon as practicable" in order to facilitate discovery and the eventual resolution of the dispute. *Id*. Despite this clear directive, Defendant unilaterally delayed participating in the required discovery conference well beyond the deadline provided by the Rule. As there is no Order finding good cause for delay, Defendant is acting in violation of Rule 26 in refusing to participate in this conference past the deadline for doing so.

Defendant argues that since the Court has not yet set a scheduling conference there is no deadline for the conference, and it is under no obligation to participate in a discovery conference. Opp. at 7-8. Initially, Defendant ignores the Rule's requirement that "the parties must confer as soon as practicable" and not unnecessarily delay the conference. Fed. R. Civ. P. 26(f)(1). Further, Defendant ignores the alternative portion of the Rule that provides that the discovery conference must take place "at least 21 days before . . . a scheduling order is due under Rule 16(b)." *Id*. Thus, this timing is not derived from when the Rule 16 conference actually takes place or the scheduling order is issued, as Defendant claims. Rather, the Rule requires the discovery conference take place 21 days before the scheduling

2

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL RULE 26(F) CONFERENCE

order is due, even if no order is issued and no scheduling conference is set. *Id*.

Defendant next attempts to justify its noncompliance with the Rules by relying on the Court's Standing Order. However, it does not appear, as Defendant claims, that the Court intended to modify the requirements of Rule 26 in its Standing Order. Rather, the Standing Order directs counsel to "meet no later than twenty-one (21) days prior to the court-ordered Scheduling Conference pursuant to Federal Rule of Civil Procedure 26(f) and applicable Local Rules." Dkt. No. 9. Compliance with Rule 26(f) requires the discovery conference to have taken place no later than April 30, 2025, and there is nothing in the Court's Standing Order finding good cause for delay or having ordered otherwise. Moreover, Defendant ignores the Court's unambiguous directive in its Standing Order that "[c]ounsel in putative class actions shall commence litigation promptly and begin discovery immediately so that the motion for class certification can be filed expeditiously." Dkt. No. 9 at p. 9.

Defendant's argument that courts in the Central District "routinely decline to set scheduling conferences . . . until the pleadings are set" is misplaced. Opp. at 8:27-28. Plaintiff does not ask the Court to set a scheduling conference; rather, Plaintiff moves to compel a Rule 26(f) conference as required by the Federal Rules of Civil Procedure. Defendant's cited cases from the Central District are inapposite (*see* Opp. at 8-9), as both involved *pro se* litigants prematurely seeking to compel initial disclosures before a Rule 26(f) conference was held, in direct contrast to Fed. R. Civ. P. 26(a)'s requirement that initial disclosures be made "at or within 14 days after the parties' Rule 26(f) conference…" *See Mintz v. Northwestern Mutual Life Insurance Co.*, No. 2:24-cv-05494, 2024 WL 5424126, at *3 (C.D. Cal. Nov. 18, 2024); *Gonzales v. Univ. of California, Irvine*, No. 8:23-cv-01788, 2023 WL 9420121, at *1-2 (C.D. Cal. Dec. 27, 2023).

Defendant's remaining citations to cases from the Eastern and Northern Districts of California are distinguishable. For example, like *Mintz* and *Gonzales*, *Halajian* involved a *pro se* litigant seeking to compel initial disclosures and third-

3

party discovery before a Rule 26(f) conference had occurred. *See Halajian v. Yost*, No. 1:24-cv-00826, 2024 WL 5169837, at *1-2 (E.D. Cal. Dec. 19, 2024). Moreover, Magistrate Judge Oberto found it was not practicable to require a Rule 26(f) conference while her recommendation to grant the defendant's motion to dismiss was pending. *See id.*, at *2. In *Zavala*, Magistrate Judge Oberto held that Rule 8(a)(2) and Rule 10(b) notice pleading deficiencies should be resolved by the district judge before discovery should proceed. *Zavala v. Kruse-Western, Inc.*, No. 1:19-cv-00239, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019). In *Jones*, the court declined to compel a Rule 26(f) conference where a motion to dismiss was granted and there were no claims or defenses for the parties to discuss, as amended pleadings had not yet been filed. *See Jones v. Micron Technology*, No. 18-cv-02518, 2019 WL 5406824, at *2 (N.D. Cal. Oct. 23, 2019). Here, by contrast, Plaintiff does not seek early disclosures or discovery prior to a Rule 26(f) conference. Further, Defendant's motion to dismiss does not challenge the complaint under Rules 8 or 10, nor does it contend that Plaintiff's complaint is deficient in providing notice. *See* Dkt. No. 15. Moreover, the Court has not granted Defendant's motion to dismiss; to the contrary, during the May 15, 2025 hearing, the Court noted that Defendant's arguments were "hard to accept."

### B. Rule 26(f) Requires Compliance Regardless of a Pending Rule 12 Motion

Defendant argues that it is not "practicable" to hold a Rule 26(f) discovery conference while its motion to dismiss is pending Opp. at 9. However, Rule 26(f) expressly rejects this type of stonewalling. The Advisory Committee's Notes to Rule 26(f) direct the parties to conduct the conference "early in the case" to assure "that the commencement of discovery is not delayed unduly" and that mandate is imposed on "all parties" who have appeared in the case, "*including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case.*" *See* Fed. R. Civ. P. 26(f); 26(f) advisory committee's note (1993 Amendment) (emphasis

4

added). Defendant fails to address the Advisory Committee Notes, and fails to provide the Court any explanation of why its particular motion is any different than what the Notes contemplate.

Disregarding the clear mandate of Rule 26(f), Defendant contends that its filing of a Rule 12 motion justifies its refusal to participate in the discovery conference – effectively imposing a de facto stay. However, if Defendant's arguments were accepted, any litigant could unilaterally delay the prosecution of an action simply by filing a motion to dismiss, regardless of its merit. Here, the parties have already appeared for a hearing on Defendant's motion to dismiss, which took place before Plaintiff filed the present motion to compel. During that hearing, the Court characterized Defendant's arguments as "hard to accept" and gave no indication that it was inclined to grant the motion. Accordingly, Defendant's pending Rule 12 motion does not excuse its failure to comply with Rule 26(f), nor does it warrant a delay in discovery. *See ING Bank, fsb v. Fazah*, CIV S-09-1174, 2009 WL 384751, at *3 (E.D. Cal. Nov. 16, 2009) (motion to dismiss does not alter the parties' obligation to confer "as soon as practicable.").[1]

Defendant's cited cases are distinguishable for the reasons set forth in Section II(A), *supra*. *See* Opp. at 9-10 (citing *Halajian*, *Jones*, *Zavala*). The additional cases Defendant relies on are likewise inapposite. For example, *Hedrington* and *Yagman* involved *pro se* litigants seeking to compel initial disclosures or early discovery responses before a Rule 26(f) conference had taken place, and "[n]o stipulation or

---

[1] Moreover, case law is clear that the mere filing of a motion to dismiss does not stay discovery. *See, e.g. ColfaxNet, LLC v. City of Colfax*, No. 2:19-cv-02167-WBS-CKD, 2020 WL 4818895, at *4 (E.D. Cal. Aug. 19, 2020) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."). "Had the Federal Rules contemplated that a motion to dismiss under [Rule] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

5

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL RULE 26(F) CONFERENCE

court order authorizing early or expedited discovery has occurred." *See Hedrington v. United States*, No. 1:24-cv-00497, 2024 WL 3889625, at *2 (E.D. Cal. Aug. 20, 2024); *Yagman v. Garcetti*, No. CV 20-02722, 2020 WL 8125658, at *1 (C.D. Cal. Sept. 3, 2020). Additionally, in both *Hedrington* and *Vineyard*, Magistrate Judge Oberto continued a scheduling conference *sua sponte* in light of the pending motions to dismiss, and thereafter declined to compel a Rule 26(f) conference, finding the motions to dismiss raised "significant issues" including subject matter jurisdiction, *res judicata*, and patent eligibility. *See Hedrington*, 2024 WL 3889625, at *2; *Vineyard Investigations v. E. & J. Gallo Winery*, No. 1:19-cv-01482, 2020 WL 7342632, at *2 (E.D. Cal. Dec. 14, 2020). By contrast, here, Plaintiff does not seek to compel disclosures or discovery ahead of a Rule 26(f) conference. Plaintiff merely seeks to compel Defendant to comply with its basic obligation to meet and confer under Rule 26(f). Additionally, the Court has not noted any "significant issues" raised in Defendant's motion to dismiss akin to those in *Hedrington* or *Vineyard*. To the contrary, the Court appeared skeptical of Defendant's arguments at the May 15, 2025 hearing, stating they were "hard to accept," and gave no indication it was inclined to grant the motion. Defendant's continued refusal to participate in the Rule 26(f) conference based on a meritless motion to dismiss should not delay discovery.

Finally, it is unreasonable for Defendant to characterize the Rule 26(f)-required discussion between counsel as "impracticable" and "wasteful" when Rule 26(f)(2) makes clear that the parties are to confer over the "possibilities for promptly settling or resolving the case," "discuss any issues about preserving discoverable information" and to make a good faith attempt to reach agreements about the timing, phasing and scheduling of discovery. *See* Fed. R. Civ. P. 26(f)(2). As the Advisory Committee's Notes direct, these discussions required by Rule 26(f)(2) further the pursuit of a "just, speedy and inexpensive determination," as required by Rule 1. *See* Fed. R. Civ. P. 1; Rule 26(f) advisory committee's note (1993 Amendment) ("[i]t will often be desirable . . . for the parties to have their Rule 26(f) meeting early in

6

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL RULE 26(F) CONFERENCE

the case, perhaps before a defendant has answered the complaint or had time to conduct other than a cursory investigation."). Plaintiff's theory of the case is simple, and the Complaint complies with all applicable pleading requirements in terms of being "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendant's filing of a motion to dismiss does not provide a basis for it to refuse to comply with the requirements of the Federal Rules.

### C. A Rule 26(f) Conference Imposes No Burden Whatsoever

Defendant suffers no burden from participating in a telephone call to comply with Fed. R. Civ. P. 26(f) as it is required to do in every case. Nor can Defendant credibly claim hardship or expense from discovery that has not yet been discussed. If Defendant had any legitimate concerns over limiting or deferring discovery, those concerns are to be raised during the Rule 26(f) conference. *See, e.g.*, Fed. R. Civ. P. 26(f)(3)(D) ("what changes should be made in the limitations on discovery" and "what other limitations should be imposed"); 26(f)(3)(B) ("the subjects on which discovery may be needed, when . . . and whether discovery should be conducted in phases or be limited"); 26(f)(3)(F) ("orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)").

Ninth Circuit precedent and the "liberal discovery procedures outlined in [Rule] 26" make clear that the burden rests with the party opposing discovery to show why it should be denied. *Randle v. Franklin*, No. 1:08-cv-00845, 2010 WL 3069205, at *2 (E.D. Cal. Aug. 3, 2010) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Here, Defendant has not made any showing of good cause for a stay of discovery, and in fact has expressly disavowed requesting a stay in its Opposition. *See* Opp. at 9, fn. 1. Nonetheless, by refusing to participate in a Rule 26(f) conference, Defendant has effectively imposed a unilateral stay of discovery. Such conduct flies in the face of Rule 1, Rule 26, and this Court's

7

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL RULE 26(F) CONFERENCE

Standing Order, and should not be permitted.[2]

### III. CONCLUSION

Plaintiff respectfully requests that the Court adopt Plaintiff's Proposed Order requiring Defendant to conduct the Rule 26(f) discovery conference within 4 business days of the Court's order, being that the deadline to do so has already passed.

Dated: May 29, 2025                    CROSNER LEGAL, P.C.

By:     /s/ Lilach H. Klein
                Lilach H. Klein

9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
lilach@crosnerlegal.com
*Attorneys for Plaintiff and the Proposed Class*

---

[2] Defendant argues Plaintiff's request to compel compliance with "all aspects of Rule 26" is improper, asserting that it "will, of course, comply with all applicable Rule 26 requirements." Opp. at 13. However, Defendant has already failed to comply with Rule 26(f). As such, Plaintiff respectfully requests that the Court compel Defendant to comply with all Rule 26 obligations, including promptly scheduling and participating in the Rule 26(f) conference and timely serving its initial disclosures at the appropriate time as required by Rule 26(a)(1).

8

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL RULE 26(F) CONFERENCE

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief contains 2,609 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 29, 2025

/s/ Lilach H. Klein
Lilach H. Klein
**Attorney for Plaintiff and the Proposed Class**

1

*Barrales v. New Chapter, Inc.*, Case No. 2:25-cv-01171-HDV-KES
PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL RULE 26(F) CONFERENCE